## Morgan Gilford v. The State.

### No. 3018. Decided May 24, 1905.

**1.—Burglary—Indictment—Character of House—Statutes Construed.**

It is not necessary under an indictment for the burglary of a house, other than a private residence at night, to allege that such house was not a private residence. This character of pleading is not required under article 838 and 839a, Penal Code.

**2.—Same—Possession of Stolen Property—Explanation—Charge of Court— Weight of Evidence.**

A charge which required conviction of burglary, if the defendant was found in the actual, exclusive and conscious possession of property taken from the alleged burglarized house, and if he failed to make an explanation of the same, or one

which reasonably accounted for his possession in a manner consistent with his innocence is error and on weight of evidence.

### 3.—Same—Recent Possession—Charge of Court.

A charge on recent possession is not called for, unless appellant gave an explanation of his possession when found therein, and is given on behalf of defendant, and is not authoried in a case where there was no evidence as to conscious possession or explanation of any character of possession.

Appeal from the District Court of Walker. Tried below before Hon. Gordon Boone.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. L. Hill,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years, hence this appeal.

Appellant insists that the case should be reversed because of an alleged defect in the indictment. The indictment is an ordinary indictment for burglary, under article 838, Penal Code; that is, it charges appellant with committing burglary of a certain house by force, with intent to steal. There is no description of the house. The proof showed that it was a crib or outhouse, and not a dwelling house. We take it that appellant's contention is that there should have been an allegation that said house was not a private residence to distinguish the indictment under this statute from an indictment under article 839a, which relates to the offense of burglary of a private residence by force, etc., at night. We have held that in order for an indictment to be good under that statute, it should allege the essential elements constituting burglary under the statute, among other things, that the burglarized house was a private residence, etc. Osborne v. State, 42 Texas Crim. Rep., 557; 2 Texas Ct. Rep., 172; Williams v. State, 2 Texas Ct. Rep., 359. But we have never held that an indictment charging burglary of a house, other than a private residence, should negative the fact that such a house was not a private residence. In the view we take of this question, it is not necessary under an indictment for the burglary of a house, other than a private residence at night, to allege that such house was not a private residence. We do not believe there is anything in said articles requiring this character of pleading. We hold that the indictment is good.

It is further assigned as error that the charge of the court on recent possession, in connection with the explanation was not authorized by the evidence and was upon the weight of the testimony. We think both contentions are well taken. In the charge complained of the

court in effect authorized the jury to find defendant guilty of burglary if he was found in the actual, exclusive and conscious possession of property taken from the alleged burglarized house; and if he failed to make an explanation of the same, or one which reasonably accounted for his possession in a manner consistent with his innocence. This character of charge has frequently been condemned by this court. Pace v. State, 31 S. W. Rep., 173; Wheeler v. State, 34 Texas Crim. Rep., 350. We further believe that the testimony did not call for a charge on this subject. A charge on recent possession is not necessary, unless appellant gave an explanation of his possession, when found in such possession. This charge is given on behalf of defendant. In this case appellant gave no explanation whatever. Nor was there any evidence that the property when found in the house was in his exclusive conscious possession. Evidently this was the occasion referred to by the court in its charge.

For the error of the court in giving the erroneous charge on recent possession the judgment is reversed and the cause remanded.

*Reversed and remanded.*