## GEORGE JOHNSON V. THE STATE.

### No. 4152. Decided January 20, 1909.

### Rehearing Denied March 17, 1909.

**1.—Theft—Excessive Punishment.**

Upon appeal from a conviction of theft, there being no statement of facts, a complaint that the punishment was excessive could not be considered.

**2.—Same—Plea of Defendant—Practice in County Court.**

Where in a misdemeanor theft, after the jury had been empaneled, but before they were charged by the court, the defendant asked that he be permitted to withdraw his plea from the jury and enter a plea of guilty before the court, there was no error in not permitting him to do so. Distinguishing Otto v. State, 87 S. W. Rep., 698.

Appeal from the County Court of Liberty. Tried below before the Hon. L. B. Simmons.

Appeal from a conviction of a misdemeanor theft; penalty, two years confinement in the county jail.

The opinion states the case.

*R. G. Boone,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—In this case appellant was charged by information with the theft of property of the value of $5. He was tried before a jury, who returned a verdict against him, assessing his punishment at two years in the county jail.

1. There is no statement of facts in the record and the questions raised on the appeal are few. It is urged, first, that the verdict of the jury is excessive and the punishment given appellant is harsh and not commensurate with the offense committed, and shows that the jury was moved by prejudice in rendering their verdict. We can not in the absence of a statement of facts, determine whether this assignment should or not be sustained. What were the circumstances, what the relation of the parties and other matters affecting the taking, we are not advised. We can easily conceive that there may have been such relations between the parties and such circumstances of aggravation as to have warranted the jury, notwithstanding the unimportant value of the article, in assessing a heavy penalty.

2. Next it is urged that the court erred in failing to permit the defendant, after the jury had been empaneled, before the court had charged them upon the law in the case, and before they had retired to consider of their verdict, to withdraw his plea from the jury and enter a plea of guilty before the court. Our statutes in substance, provide in misdemeanor cases a jury may be waived by any

defendant charged with a crime. It requires, however, a waiver on the part of the defendant, and this affirmative action must be taken by him, or the case must go to the jury. That the defendant has an election in every misdemeanor case to either let the case take the ordinary course and be tried by a jury, or waive a jury and submit his case to the court, there can, of course, be no sort of doubt, but this election, we think, should and must be made in a proper and orderly way, and when, in any case, there has been no waiver, but an announcement of ready, the jury empaneled and the evidence heard, it would not be at the discretion of the defendant at this point in the proceedings to set aside the jury, and require them to be discharged, and try the case before the court. That the appellant should have had a right to have entered his plea of guilty, we think, ought to be conceded, but he could have made the plea of guilty before the jury as before the court. There was no effort to do this, but the proposition is made that he had the right to waive the jury and require, as a matter of right, the court to assess the punishment. We believe that he could not thus play fast and loose in the proceedings. He could take a jury or waive a jury, but having taken one, it does not and should not lie within his power, if for any reason he might later think that he would fare better before the court, to set the jury aside and submit his cause to the judge presiding. This case is easily distinguishable from the case of Otto v. State, 87 S. W. Rep., 698, which merely affirms the right of a defendant to waive a jury, when his case is called for trial. This case does not touch the question here raised.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*