H. J. LETTERMAN v. THE STATE.

No. 22515. Delivered May 19, 1943.

The opinion states the case.

*Eugene F. Mathis,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of one thousand dollars on a plea of guilty to the sale of whisky on the 30th day of January, 1943, in Lubbock County.

Complaint was filed on the first day of February and information signed on the same date by Syrian E. Marbut, County Attorney. On the same day appellant appeared before the County Judge and proposed to plead guilty in each of three cases if the County Judge would fine him only one hundred dollars in each case. The County Judge declined to make any agreement, but told him that he would plead guilty at his peril. This was the proper, and very commendable, position for the County Judge to take. When a plea of guilty had been entered in each case the judge assessed a fine of one thousand dollars in each of two of them and one year in the county jail in the other case.

Appellant was not represented by attorney, and it appears also that the County Attorney was not present.

A motion for a new trial was filed setting up the following allegations: First, that the court did not advise the defendant that he had two days within which to get ready for trial; second, that no attorney was appointed to represent the State in the absence of the County Attorney; third, that the court read the information to defendant himself in the absence of any attorney to represent the State; fourth, that the court did not admonish the defendant of the consequences of his plea; fifth, that the punishment is excessive in the absence of any proof of the nature of the offense. The sixth ground is merely a repetition of the fifth.

The County Judge was called to testify on the motion for new trial and states that when appellant appeared before him he told him that he could enter a plea of guilty or not guilty and, if the latter, he would set the case for February 9th when he would have a jury available; that Letterman told him he would plead guilty if he would give him a hundred dollars in each case, to which he replied that "the court wasn't making any promise about what the fine would be"; that no testimony was taken in the case but that the party was before him and pleaded guilty in three cases charging separate offenses, all in violation of the liquor law, and that previous thereto the same party had appeared before him as County Judge and had pleaded guilty in three cases on the following dates, with the penalties named for each: February 16, 1942, with one hundred dollar fine assessed; 24th day of February, 1942, with one hundred dollar fine assessed; and on the 13th day of April, 1942, with a two hundred fifty dollar fine assessed; and that the three cases then before him were the fourth, fifth and sixth times that this same party had appeared before him within a year to plead guilty to violations of the liquor law in Lubbock County. In fixing the penalty the court took judicial knowledge of its own records in which this party had appeared for violation of the law, as well as the fact that he had pleaded guilty in three distinct cases, all charging similar offenses.

The record is before us without bills of exception and without statement of fact other than that found in the testimony of the County Judge on motion for new trial. The grounds set out in this motion are to some extent novel in that they appear in a misdemeanor case.

The appellant waived his right to two days within which to prepare for trial. 12 Texas Jurisprudence, Section 285, page 618. It is not necessary that the court should admonish him of

the consequences of his plea of guilty in a misdemeanor case. Johnson v. State, 48 S. W. 70. No harm resulted to appellant because of the failure of the court to appoint an attorney to represent the State, and it was not mandatory that he do so. Article 3 of the Code of Criminal Procedure is permissive only. It was permissible for the court to read the information. Quisenbury v. State, 257 S. W. 502. It was not necessary that the court hear evidence on a plea of guilty in a misdemeanor case. Ex parte Clinnard, 169 S. W. (2d) 181.

A further complaint in the motion for new trial is that the penalty was excessive. We know of no limitation upon the fine which may be assessed except that fixed by statute. If the court has authority to fix the penalty, as he unquestionably did have upon a plea of guilty as reflected by this record, then it is a matter wholly within his discretion so long as he stays within the bounds fixed by the Legislature; and this court has no power to direct a penalty for the trial court to assess. Reeves v. State, 167 S. W. (2d) 176. In view of the criminal record which appellant had, and his plea of guilty to the six cases of like violations, it appears that the court had before him a persistent violator of the law. He probably had in mind the great purposes for which fines and jail sentences may be assessed and it appeared to him that lesser fines had failed to reform the wrongdoer. No complaint may be had because he, in his discretion, saw fit to fix the heavier penalty.

We find no error as reflected by the record.

The judgment of the trial court is affirmed.