CHARLIE BUMGUARDNER V. THE STATE.

No. 22790. Delivered March 8, 1944.
Rehearing Denied April 26, 1944.

The opinion states the case.

*William C. McDonald*, of San Angelo, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of transporting whisky in a dry area. The punishment assessed is confinement in the county jail for a period of sixty days and a fine of $500.00.

The record discloses that on the afternoon of December 3, 1943, appellant was arrested, handcuffed and taken to the court house by agents of the Texas Liquor Control Board, where a complaint and information were filed and he was immediately taken into court for trial. The judge, upon a plea of guilty, found him guilty and assessed his punishment as above stated. On the following day he secured the services of an attorney, who filed a motion for new trial in which it was charged: First, that the court did not admonish him as to the penalty and the

consequences of his plea; second, that he was denied the right of trial by a jury; third, that the officers searched his automobile without a search warrant or probable cause; fourth, that he entered a plea of guilty as a result of fear and mistake, etc. At the hearing of the motion the court heard evidence and at the conclusion thereof overruled the motion, to which appellant excepted and gave notice of appeal. This being a misdemeanor, the court was not required to admonish the appellant of the consequences of his plea as in felony cases. 12 Tex. Jur. p. 635, sec. 297; Burton v. State, 112 Tex. Cr. R. 334; Johnson v. State, 39 Tex. Cr. R. 625.

In misdemeanor cases, the accused may waive a trial by jury. In this case it appears from the judgment that appellant did so. Hence this court is bound by the recitals in the judgment.

The other matters urged in his motion raised issues of which the court decided adversely to him, and the trial judge's decision on any issue of fact is as binding on this court as the verdict of a jury.

He brings forward one bill of exception in which he claims that the court, on the 16th day of December, 1943, entered a judgment different from that pronounced by him on the 3rd day of December; that this subsequent judgment was entered after he had given notice of appeal and the court had lost jurisdiction of the case. We are not in accord with his contention. The judgment pronounced against appellant on the 3rd day of December was modified on the following day by eliminating that part of the judgment providing that the "sheriff hold the automobile in question, to be disposed of according to law." The judgment was in all other respects left intact and and on the 16th day of December it was entered on the criminal minutes of said court. The pronouncement by the court of the judgment on the 3rd day of December and as modified on the following day before the motion for new trial was overruled and notice of appeal given was the judicial act of the court and the entry of the judgment on the criminal minutes on the 16th day of said month was but a ministerial act. We see no error reflected by the bill.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing in this cause, though earnestly and ably presented, does not call for additional statement of the case.

The unusual spectacle of law enforcement officers searching appellant's car without warrant, the placing of handcuffs on him and taking him directly to the county judge where plea of guilty was entered, without the privilege of communicating with his wife by telephone and without being advised of his right of trial by jury naturally will not be looked upon with any great favor. Article I, Section 19 of the Constitution of Texas says: "Nò citizen of this State shall be deprived of life, liberty, property, privileges or immunities or in any manner disfranchised, except by the due course.of the law of the land." Our courts have frequently quoted with approval from Mr. Cooley the following: "By law of the land is most clearly intended the general law; a law which hears before it condemns, which proceeds upon inquiry and renders judgment only after trial. The meaning is that every citizen shall hold his liberty, life, property and immunities under the protection of the general rule which govern society." It is argued with same form of support that appellant was denied the right of trial by jury; that he did not waive it directly or by fair implication, and.that he was denied the right to be' represented by counsel.

The evidence to support such contentions is deemed insufficient. Appellant testified on his motion for a new trial and from it we quote: "I entered a plea of guilty because I wanted to get it over with; I did not know what else to do. I wouldn't have entered a plea of guilty had I known what the penalty would have been assessed against me." On cross examination he said: "I don't remember your telling me I had a right to employ a lawyer to fight the case * * *. I really don't remember whether you told me I would have a right to employ a lawyer to fight the case." It affirmatively appears from this testimony that the plea of guilty was entered voluntarily; that the real complaint is as to the amount of the penalty assessed against him. He also declines to deny that he was informed on his right to have an attorney. We would hardly be justified in acting upon a conclusion that he was denied the right of trial by jury or to have counsel in view of this testimony. He wholly failed as a witness in his own behalf to give any indication that he acted by reason of any fear or undue influence. If he can not be certain that he was refused the privilege of counsel, we can not be certain for him.

Complaint is also made because the car was searched without authority. There is no indication that any evidence was introduced by reason of this illegal search and there being no statement of facts showing what evidence was heard upon the trial of the case, we are unable to say that the penalty assessed was excessive.

The motion for rehearing is overruled.