# APRIL 4, 1945

OSCAR FREEMAN V. THE STATE.

No. 23096. Delivered April 4, 1945.

The opinion states the case.

*Cunningham, Boling & Allen* and *Eugene F. Mathis,* all of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $1,000.00 and one year in jail on a charge of possessing liquor for the purpose of sale.

Appellant was a witness in behalf of the defendant F. A. Stephenson. When he had concluded his testimony, claiming ownership and possession of the rum for which Stephenson was being tried, the jury was retired from the room and the witness required to remain in the witness box until the County Attorney, under the court's order, prepared the charge against him. On the appellant's motion for new trial the County Judge was called as a witness and testified as follows: "I instructed the County Attorney to file a complaint and information against

Oscar Freeman, which he did. Oscar Freeman was in the Court room all of the time and was on the witness stand * * *." Asked whether or not he told the defendant that he had two days in which to prepare for trial the court said: "I will state that I never used any such language, I asked him whether he was guilty or not guilty. As to whether or not I informed the defendant that he had a right of trial by jury, I will state that all that I asked him was whether he was guilty or not guilty." In response to the question as to whether or not he informed the accused of his right to have an attorney the court said "I will state that all I asked the defendant was, as previously stated, whether he was guilty or not guilty." Again the court said: "From the time I instructed the County Attorney to prepare a complaint and information before I asked the defendant to plead to that information, it was, I would say, anywhere from five to twenty minutes, I never kept account. It was done with fairly reasonable dispatch." (This is, at least, in compliance with the defendant's first right guaranteed by Section 10, Article 1, Constitution of Texas—a speedy public trial.) The Judge further stated that Oscar Freeman was required to remain in the witness box during this time but that the court did not have an officer to arrest him. The record discloses that as soon as the information was read and the court asked him if he was guilty or not guilty, as above detailed, and the court assessed the fine, the Deputy Sheriff was instructed to put him in jail. After this a warrant was issued for his arrest and given to the Sheriff. The court explained that the reason he gave the fine which he did was that Oscar Freeman had, a short time previous thereto, plead guilty in the court in two separate cases to the sale of whisky, and that the court remembered such pleas at the time. Appellant testifying in his own behalf, on the motion for a new trial, again declared that the rum was his and that he had paid two fines for two sales from the rum on the very day that the officers searched the premises and arrested Stephenson. Apparently these are the cases which the court referred to.

Comment on this unusual procedure is not necessary. The negro was given no chance to be represented by counsel nor to say whether or not he desired two days within which to prepare for his defense. These rights are so commonly availed of as to make the procedure very unusual, especially in view of the fact that he was held in the witness box until he was required to make the statement in his own case—as much evidence against him as it is a plea of guilty. This procedure may not, under proper circumstances, have constituted error and would not if the party had in fact acceded to them. The writer finds no circumstance in the case which can be so construed. The glaring

error, however, requiring a reversal of the case, is found in the fact that the court tried the case without a jury when a jury had not been waived by the accused. The right of trial by jury is one of the sacred rights which our courts should accord every person charged with crime, independent of his guilt or innocence. Our Constitution guarantees to every person charged with crime a fair and impartial trial, with the right to submit the matter of punishment to a jury, even when he pleads guilty to the offense, and this right obtains in misdemeanor cases the same as in felony, unless and until waived in accordance with law.

The judgment of the trial court is reversed and the cause is remanded.