ROBERT WHITE V. STATE.

No. 24580. February 15, 1950.
Rehearing Denied April 5, 1950.

*Burks & McNeil, by Clifford W. Brown,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant, upon his plea of guilty before the county judge, was given a penalty of a fine of $500.00 and one year in the county jail under a charge of violating the liquor laws of Lubbock County.

He seems to be dissatisfied with his punishment and appeals therefrom.

There is no statement of the facts produced upon the trial, but reliance is had on the facts introduced upon the hearing of the motion for a new trial. It is there shown that on the date alleged in the complaint, two Texas Liquor Control Board agents saw appellant driving at nighttime without any lights in Slaton, in Lubbock County; that they approached him and stopped him; that they asked him what he had, and he said he had a little beer; that they then looked in his car and found therein 24 cases of beer, and one case of whisky and gin. This liquor was taken out of appellant's car and placed in the car of the officers and taken by them to the mayor's office. Appellant was then allowed to go to his home, but was told to come back the following day. It seems that he presented himself at the mayor's office the next day, but for some undisclosed reason, he was told to go back home and return the following day, at which time he did return. Slaton is not a county seat, so upon his appearance the following day, an officer took appellant to Lubbock, the county seat; and after conferring with the county attorney, a complaint was filed against him charging him as a second offender. Appellant seems to have never been formally arrested, but according to instructions, he reported twice to the authorities in Slaton, and also to them at Lubbock. Two days after he had been found with this liquor, he was filed upon at near noon time. The county judge not being available at such time, he waited until about 2:30 o'clock that afternoon, at which time the judge did appear; and upon appellant's own volition, he pleaded guilty to such complaint, later contending, however, that he did not know of the allegation of the prior conviction in such court, but expecting a fine of $100.00 and costs, he fortified himself with the possession of $145.00 in cash for the purpose of paying such expected amount.

We find seven bills of exception in the record presented by appellant's attorney, to each of which said bills the trial court appended a qualification, to which qualification appellant excepted. Thereupon, the court filed his own bills, which are the bills entitled to consideration by this court. The bills contain the requested bills by appellant with the court's qualification thereto in full, and embrace practically the whole history of this trial and the conclusions of both the appellant's attorney and the trial court, and carries, among other things, the reasons for action. No bills were taken at the trial, but all actions taken therein are attempted to be reviewed in the motion for

a new trial, and all proceedings in the original trial are collated in such motion, and the facts heard therein are presented in each proffered bill of exception.

After the court's bills are all read, the facts remain that appellant, a 43-year-old Negro, who owned a hotel and cafe in Slaton, as well as other personal property, had heretofore been convicted of a like offense in this same court, and was herein found in possession of the quantity of liquor above set forth; that he admitted such possession, and was released and told to appear at the mayor's office the next day; that he did so, and was again told to return the following day. He was under no bond nor restraint. He appeared the following day, and in company with an officer, he went to the county seat. A complaint and information were filed, and after a short wait, he was called upon to plead, and he did plead guilty thereto. He had $145.00 in his possession, expecting a fine of $100.00 and costs, but upon being fined more than that amount, with a jail sentence attached, he evidenced dissatisfaction with such penalty.

The only dissatisfaction finally evident herein was the severity of the penalty. There was no denial of guilt, and no denial of the plea, but only the disappointment when he found a more severe penalty than was expected. Appellant's own testimony shows that he knew of the fact that he might suffer a penalty between the double the lowest penalty and double the highest penalty for a second similar offense. Evidently he relied upon the fact that having previously paid a fine of $100.00 and costs, he would again be thus favored. The county judge, being the arbiter of this case, evidently saw the futility of a minimum fine and exercised his prerogative in assessing a penalty allowed by law.

We think the case of Freeman v. State, 148 Tex. Cr. R. 265, 186 S. W. (2d) 683, is not in point herein, but are impressed with the case of Letterman v. State, 146 Tex. Cr. R. 37, 171 S. W. (2d) 349, as being in accord with the present case; and the reasoning and authorities therein set forth are decisive of this cause.

No error appearing herein, the judgment is affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant voluntarily entered a plea of guilty before the court without a jury, as he had done on previous occasions.

Contrary to his expectations, his punishment was assessed at a fine of $500 and imprisonment in jail for one year.

Being charged with a misdemeanor, he had the right to a trial by jury. Const., Art. 1, Sec. 15; and Art. 10, C. C. P.

He also had the right to waive a jury and to have a trial before the court. See Art. 11, C. C. P.; Otto v. State, 87 S. W. 698.

Either such right existed whether the plea be guilty or not guilty.

He knew what he was doing when he entered his plea before the judge. He told the county attorney that he wanted his plea taken that day; that "he wanted to go before the judge and have his plea taken."

Having consented to the trial of his case on his plea of guilty before the court, appellant thereby waived his right to a jury trial. See Moore v. State, 22 Tex. App. 117, 2 S. W. 634.

Appellant made no objection to a trial without a jury until he learned that the judge had assessed a punishment greater than that he, from his previous experiences before the same court and judge, had expected. It was too late then to complain that he should have been tried before a jury. See Mackey v. State, 68 Tex. Cr. R. 539, 151 S. W. 802; and Bumguardner v. State, 147 Tex. Cr. R. 188, 179 S. W. 2d 768.

In his bills of exception, appellant sought to have the trial judge certify that he took into consideration the information given him by the county attorney and his assistant concerning two prior convictions against appellant.

In his qualifications to such bills of exception, the trial judge certified that the two previous convictions "were convicions in this same court, and I as judge of this court simply took judicial knowledge of my own records."

Such facts do not bring appellant's case under the law as applied by this court in Alley v. State, 154 Tex. Cr. R. 145, 225 S. W. 2d 970, but are quite similar to the situation in Letterman v. State, 146 Tex. Cr. R. 37, 171 S. W. 2d 349, wherein

the judgment on a plea of guilty before the court was affirmed, and from which we quote the following: "In fixing the penalty the court took judicial knowledge of its own records in which this party had appeared for violation of the law, as well as the fact that he had pleaded guilty in three distinct cases, all charging similar offenses."

The appeal having been properly disposed of in the original submission, appellant's motion for rehearing is overruled.

Opinion approved by the court.