Gene WIGGINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 28691.

Court of Criminal Appeals of Texas.

Jan. 16, 1957.

J. R. (Billy) Hall, Littlefield, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DAVIDSON, Judge.

The judgment of conviction in this case shows that appellant entered his plea of guilty, waived trial by jury, submitted his cause to the court, and was assessed punishment at a fine of $500 and six months' confinement in jail for unlawfully transporting intoxicating liquors as alleged in the information.

By motion for new trial, appellant challenged the validity of the judgment, as well as its correctness, by charging that he did not enter a plea of guilty but entered a plea of not guilty and that he did not waive trial by jury.

The state joined issue upon the allegations of the motion, and evidence was heard.

There was evidence on the part of the trial judge and others which showed that

appellant did enter his plea of guilty to the accusation.

■ This evidence supports the recitation in the judgment that appellant did enter his plea of guilty, and sustains the trial court's action in overruling the motion for new trial.

■ As to appellant's contention that he was not accorded the two days' time within which to prepare for trial by filing written pleadings as provided by art. 514, C.C.P., he waived the right to insist thereupon when, without then insisting on the two days provided by said statute, he pleaded guilty. Letterman v. State, 146 Tex.Cr.R. 37, 171 S.W.2d 349.

No reversible error appearing, the judgment is affirmed.