to get the load of whiskey and wine with which she was caught.

The difficulty which confronts the appellant here is that when she plead guilty "all the material averments in the information were admitted." Hawkins v. State, 158 Tex.Cr.R. 406, 255 S.W.2d 875, 876, and cases there cited.

Finding no reversible error, the judgments are affirmed.

Virginia GRIMES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 29225, 29226.

Court of Criminal Appeals of Texas.

Nov. 6, 1957.

Joe H. Cleveland, Marvin F. London, Bowie, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

In the above styled and numbered causes, the same legal questions are raised by the appellant. The cases will be disposed of in one opinion.

Appellant plead guilty in two cases of illegal sale of whiskey in a dry area, and her punishment was assessed at a fine of $100 in each case.

These are companion cases to Brumbaugh v. State, 308 S.W.2d 43. What we have said in the Brumbaugh case disposes of these appeals.

The judgments are affirmed.