Sammy GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 42580.

Court of Criminal Appeals of Texas.

May 13, 1970.

Gillespie & McClendon, by Jack McClendon, Lubbock, for appellant.

Roger Gorrell, County Atty., Muleshoe, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S SECOND MOTION FOR REHEARING

ONION, Judge.

Our opinion on original submission is withdrawn. We adopt and reaffirm, however, the disposition in the original opinion of the first two grounds of error.

The adopted part of the original opinion by Presiding Judge Woodley reads as follows:

"The appeal is from a conviction on a plea of guilty before the court of the offense of using profane language over the telephone, (Art. 476 V.A.P.C.) with punishment assessed at three months in jail and a fine of $500.00.

"A prior appeal from such conviction, in our Cause No. 41,815, was dismissed for want of a proper sentence. Gonzales v. State, Tex.Cr.App., 440 S.W.2d 847.

"Upon remand sentence was entered and notice of appeal was given and the appeal is properly before us.

"Three grounds of error are set forth in appellant's brief as propositions of law. They are:

" 'PROPOSITION OF LAW NO. 1

The appellant was deprived of his right to counsel as guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States of America and by the laws of the State, of Texas, and no intelligent waiver of such right was made by the appellant.

" 'PROPOSITION OF LAW NO. 2

The appellant's plea of guilty was involuntarily made and should not have been received by the court.

" 'PROPOSITION OF LAW NO. 3

The appellant was denied due process of law in-as-much as he was uninformed of his right to make application for a probated sentence and made no waiver of such right.'

"The record reflects that the complaint and information were filed and capias issued on May 23, 1968. The next day the capias was executed and appellant was taken before the County Judge and after being given the statutory warning appellant advised that he wanted to consult a lawyer and was released on bond.

"Three days later he appeared before the County Judge accompanied by his employer, the Postmaster at Muleshoe, and pleaded guilty to the charge in the information.

"The judgment reflects that the court again explained to appellant that he was entitled to have a lawyer represent him; that the court could appoint a lawyer if he was unable to hire one, and that appellant waived having a lawyer of his choice and also waived appointment of a lawyer by the court; that appellant was admonished by the court of the consequences of his plea, including the minimum and maximum punishment, and was again advised of his right to trial by jury and appellant waived said right and asked the court to try the case; and that the court received the plea and upon such plea found appellant guilty of the offense charged and assessed the punishment.

"As a witness for appellant at the hearing on appellant's motion for new trial, Muleshoe Postmaster Spencer Beavers testified that he discussed the case with appellant prior to the time they went before the judge and recom-

mended that he plead guilty and get it over with; that he did not think he would get such a severe punishment; that he discussed the case with the County Judge 'but there was no commitment made'; that he had given appellant his opinion that probation would be granted and recommended that if he was going to plead guilty he didn't need to hire a lawyer, and that the judge 'knew that we were coming up there because we had talked to him and told him we were going to plead guilty.'

"As to the proceedings in connection with the plea of guilty, the Postmaster's testimony was consistent with the recitations of the judgment above mentioned.

"The first two grounds of error are overruled."

In his third ground of error the appellant contends he was denied due process of law at the time of his misdemeanor conviction since he was "uninformed of his right to make application for a probated sentence and made no waiver of such right."

Article 26.13, V.A.C.C.P., 1965 (former Article 501, V.A.C.C.P.), does require that a defendant be admonished as to the consequences of his plea, etc., but under the former codes it was held that such statute had no application to misdemeanor cases and such admonishment was not necessary. See Johnson v. State, 39 Tex.Cr.R. 625, 48 S.W. 70; Berliner v. State, 6 Tex.App. 181; Scott v. State, 29 Tex.App. 217, 15 S.W. 814; Bumguardner v. State, 147 Tex. Cr.R. 188, 179 S.W.2d 768; Burton v. State, 112 Tex.Cr.R. 334, 16 S.W.2d 828; Brewer v. State, 147 Tex.Cr.R. 289, 180 S.W.2d 167; Letterman v. State, 146 Tex.Cr.R. 37, 171 S.W.2d 349; Townsel v. State, 162 Tex.Cr.R. 221, 283 S.W.2d 944. Such holdings have been sustained since the enactment of the new Code. Gallegos v. State, Tex.Cr.App., 425 S.W.2d 648.

In Wilson v. State, Tex.Cr.App., 436 S.W.2d 542, a felony case, it was held that in admonishing a defendant as to the consequences of his plea of guilty it was not necessary for the court to inform the defendant as to the jury's authority to recommend probation.

Articles 776 (jury) and 776a (non-jury—judge) of the Former Suspended Sentence Law (Article 776–781, V.A.C.C.P., 1925) now repealed, Ex parte McCarter, Tex.Cr. App., 415 S.W.2d 409, which was applicable to felony cases only, contained the following phrase:

"When the defendant has no counsel, the court shall inform the defendant of his right to make such application, and the court shall appoint counsel to prepare and present same if desired by defendant."

While such requirement was mandatory, it was not error to fail to inform an accused of such right if he had counsel. Brady v. State, 119 Tex.Cr.R. 178, 44 S.W. 2d 373; Ex parte Huddleston, 149 Tex. Cr.App. 388, 194 S.W.2d 401.

Speaking of such requirement, it was said in 16 Tex.Jur.2d, Criminal Law, Sec. 422, p. 662:

"It was the legislature's intention to require the court, where the accused is entitled to apply for suspended sentence, to call the defendant's attention to that fact and, if he desires to have the issue presented to the jury, to appoint counsel to prepare, file, and submit the matter. The vision is mandatory. Failure to comply with it is ground for reversal where there exists no legal impediment to granting suspension. The accused need not make a formal statement to the court that he desires an attorney in order to become entitled to have one appointed; the facts that he has no attorney, is unable to employ one, and wants to plead guilty and apply for suspension are sufficient to show that he desires the appointment to be made."

Nothing comparable to such requirement is found in the provisions of Articles 781b and 781d, V.A.C.C.P., which authorized adult probation in felony cases prior to the 1965 Code of Criminal Procedure.

In Article 42.12, supra, which authorized juries for the first time to pass upon the issue of probation, there is found in Section 3a thereof the following sentence: "When the trial is to a jury, and the defendant has no counsel, the court shall inform the defendant of his right to make such motion, and the court shall appoint counsel to prepare and present same, if desired by the defendant."

Certainly the influence of the Suspended Sentence Law is reflected here, but in view of the numerous constitutional and statutory requirements as to the right to counsel and appointment of counsel in felony cases, the provision seldom comes into play. It is observed that, unlike the former Suspended Sentence Law (but like the former probation statutes), there is no comparable requirement when the issue of felony probation is before the trial judge.

And certainly we find no such requirement in the misdemeanor probation act, Article 42.13, supra, regardless of whether the motion for probation is to be presented to the judge or jury.

We, therefore, conclude that, as desirable as the practice may be, the court was not obliged to inform the appellant Gonzales of his right to make application or motion for misdemeanor probation at the time he entered his plea of guilty before the court.

Ground of error #3 is overruled.

Finding no reversible error, the judgment is affirmed.