ACCEPTED
03-14-00656-CR
6486674
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/13/2015 2:41:38 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00656-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/18/2015 3:06:38 PM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS FOR THE THIRD JUDICIAL DISTRICT

## AUSTIN, TEXAS

### RON EVERITT FUSONVS. STATE OF TEXAS

On appeal from the 119st Judicial District of Tom Green County, Texas

**Cause No. B-12-0998-SB**

### AMENDED ANDERS BRIEF FOR APPELLANT, RON EVERITT FUSON

Appellant, Ron Everitt Fuson, submits this Brief on appeal by the through his Appellate Counsel, Nathan Butler. After "Conscientious Examination" of the case, including diligent review of the Record and applicable authorities, Counsel finds an absence of meritorious grounds for appeal, and further submits the basis of any appeal in this case would be frivolous in nature.

**Nathan Butler**
**SBN 24006935**
**LAW OFFICE OF NATHAN BUTLER**
**123 S. Washington**
**San Angelo, Tx 76901**
**Telephone (325) 6598929**
**Facsimile (325) 482-8064**
**Attorney for Appellant,**
**Ron Everitt Fuson**
**nathanbutlerattorney@gmail.com**

## ORAL ARGUMENT NOT REQUESTED

i

# IDENTITY OF PARTIES

Appellant:        **Ron Everitt Fuson**

Trial Counsel:    **Nathan Butler**

Appellate Counsel:    **Nathan Butler**
**123 S. Washington**
**San Angelo, Texas 76901**

Appellee:        **State of Texas**

Counsel:        **George McCrea**
**119th District Attorney**
**124 W. Beaurgard**
**San Angelo, Tx 76903**

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………………………….………..ii

INDEX OF ATHORITIES…………………………………………………………....v, v

STATEMENT OF THE CASE……………………………..………………………………vii

STATEMENT REGARDING ORAL ARGUMENT…………………………………………..viii

ISSUES PRESENTED………………………………………………….…vii

**ISSUE NUMBER ONE**
Based on diligent review of the record and applicable authorities, legally sufficient evidence was presented at the time of trial to establish by preponderance of the evidence that Appellant Violated the terms of his Community Supervision, and the Trial Court did not abuse its discretion in revoking Appellant's Community Supervision

**ISSUE NUMBER TWO**
Based on diligent review of the record and applicable authorities the trial court did not abuse its discretion in the sentence imposed or violate the prohibitions against cruel and unusual punishment in accessing the sentence in this matter.

STATEMENT OF FACTS……………………………………………………………………1

SUMMARY OF ISSUE ONE………………….. ……………………..………...5

ARGUMENT ON ISSUE ONE…………..………………………………………………....6

**SUMMARY OF ISSUE TWO**……..… …………………………….…………**8**

**ARGUMENT ON ISSUE TWO**..………..…………..……………………..…………………………......**8**

**MOTION TO WITHDRAW**………………………………………………………………**11**

**PRAYER**…………………………………………………………………..**12**

# INDEX OF AUTHORITIES

**CASES:**

*FEDERAL*
*Anders v. State of California, 386 U.S. 738, 744 (1967)*...............................................11

*Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991);* ..................8

*Jackson v. Virginia, 443 U.S. 309 (1979)*.........................................................…...5,6
*McGruder v. Puckett, 954 F.2d 313 (5th Cir.), cert. den'd,*
*506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992)*…...........................................…..6

*STATE*
*Cobb v. State, 851 S.W. 2d 871 (Tex. Cr. App. 1993)*…......................................…...7

*Cole v. State, 578 S.W. 2d 127 (Tex.Cr.App. 1979 [Panel Op.])*……………………...7

*Griffin v. State, 614 S.W. 2d. 155, 158-59 (Tex. Crim. App. 1981)*……………………...6

*Guevara v. State, 152 S.W. 3d 45, 49 (Tex. Crim. App. 2004)*………………………...6

*Hooper v. State, 214 S.W. 3d 9 (Tex. Crim. App. 2007)*………………………………6

*Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App.1984)*………………………..…7

*Johnson v. State, 23 S.W. 3d 1, 7 (Tex. Crim. App. 2000)*………………………….6

*Letterman v. State, 171 S.W.2d 349 (Tex.Cr.App.1943)* ………………………...…8

*Mason v. State, 905 S.W. 2d 570, 574 (Tex. Crim. App. 1995), cert denied*……………..….6,7

*Nunez v. State, 565 S.W.2d 536 (Tex.Cr.App.1978)*………………………………...7

*Orteaga v. State, 860 S.W. 2d 561 (Tex. App. – Austin 1993, no pet.)*……………….…7

*Powell v. State, 194 S.W. 3d 503, 506 (Tex. Crim. App. 2006)*………………………….6

*Sanders v. State, 119 S.W. 3d 818, 820 (Tex. Crim. App. 2003);* …………………………6

*Dunn v. State, 997 S.W.2d 885 (Tex.App.--Waco 1999, pet'n ref'd);*…………………..…9

*Hicks v. State, 15 S.W.3d 626 (Tex.App.--Houston [14th Dist.] 2000, pet'n ref'd)*………...8

*Hernandez v. State, 10 S.W.3d 812 (Tex.App.--Beaumont 2000, pet'n filed)*…………………7

*Jackson v. State, 989 S.W.2d 842 (Tex.App.--Texarkana 1999, no pet'n)*…………………………7

*Kirk v. State, 949 S.W.2d 769, 772 (Tex. App.-Dallas 1997, pet. ref'd)*………………………7

*Skillern v. State, 890 S.W. 2d 849, 879 (Tex. App. – Austin 1994, pet. ref'd)*…………………...6

**CONSTITUTION, STATUTES, AND RULES**

*Constitutions*
*U.S. Const. Amend. IIX*…………………………………………………………………10
*Tex. Const. Art. I Sec. 13*………………………………………………………………..10

*State*

*Tex. Pen. Code 12.34*…………………………………………………………10

*Tex. Rule App. Proc 45*………………………………………………………..9
*Tex. Penal Code*………………………………………………………..7
**Tex. Penal Code 62.102(b)(2)**…………………………………………………10

# STATEMENT OF THE CASE

On December 3, 2012 Appellant was indicted for Failure to Register as a Sex Offender. CR. VOL 1 p 5. On January 15, 2013 Appellant, Ron Everitt Fuson plead guilty to Failure to register as a sex offender, a third degree felony **Cr. Vol. 1 P. 17** Appellant executed a stipulation of evidence admitting to committing the offense, which was filed with the court. **CR Vol. 1 P. 15**. Appellant was sentenced to 5 years in the Institutional Division of the Texas Department of Criminal Justice but that sentence was probated for a period of 2 years for said offense. On July 3, 2014 the State of Texas filed a Motion to Revoke Probation. **CR. Vol 1 P. 29**

A hearing was held on September 12, 2014. After the close of testimony and after hearing arguments of counsel, the court found the allegations in the Motion to Revoke were true, and revoked Appellant's community supervision, and sentenced Appellant to five years in the Institutional Division of The Texas Department of Criminal Justice. **CR. Vol 1 P. 40-46.**

Notice of Appeal was given on October 14, 2014. **Cr. Vol 1 P. 47-48.**

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument not requested

# ISSUES PRESENTED

**ISSUE NUMBER ONE**
Based on diligent review of the record and applicable authorities, legally sufficient evidence was presented at the time of trial to establish by preponderance of the evidence that Appellant Violated the terms of his Community Supervision, and the Trial Court did not abuse its discretion in revoking Appellant's Community Supervision.

**ISSUE NUMBER TWO**
Based on diligent review of the record and applicable authorities the trial court did not abuse its discretion in the sentence imposed or violate the prohibitions against cruel and unusual punishment in accessing the sentence in this matter.

**TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS, AUSTIN, TEXAS**

Counsel for Ron Everitt Fuson would submit this "Anders Brief" on behalf of Appellant.

## STATEMENT OF FACTS

On December 3, 2012 Appellant was indicted for Failure to Register as a Sex Offender**. CR. VOL 1 p 5.** On January 15, 2013 Appellant, Ron Everitt Fuson plead guilty to failure to register as a sex offender, a third degree felony **Cr. Vol. 1 P. 17** Appellant executed a stipulation of evidence admitting to committing the offense, which was filed with the court. **CR Vol. 1 P. 15**. Appellant was sentenced to 5 years in the Institutional Division of the Texas Department of Criminal Justice, but that sentence was probated for a period of 2 years for said offense**. CR Vol 1 P. 17-18.** On July 3, 2014 the State of Texas filed a Motion to Revoke Probation. **CR. Vol 1 P. 29** The Motion to Revoke contained 9 allegations including; 1. Failure to make payments; 2. Failure to complete and submit inability to pay statements; 3. Failure to complete community service; 4. Failing to pay urinalysis fees; 5. Failing to submit a written job earnings statement; 6. Failing to report to the supervisor of the sex offenders case load; 7. Failure to make payments as ordered by the court; 8, Failure to surrender himself to the Tom Green County Jail on June 19, 2014 for transport to an Intermediate Sanction Facility, as ordered

by the court; and 9.  Failure to participate in the Concho Valley Community Service Departments ISF  after care program as ordered by the court. **CR. Vol 1 P. 29-31**. On  September 12, 2014  Appellant pled true to violating the terms of his community supervision, as alleged in the Motion to Revoke Community Supervision . **RR. Vol. 1 PP. 6-8. .** The State then offered a sworn stipulation of evidence wherein Appellant admitted violating his terms of community supervision as set out in the States Motion to Revoke  Probation. **RR.Vol 1 P. 7.**

The State then called Marla Rich to Testify. **RR. Vol 1 P. 8.** Ms. Rich testified that she was the Probation officer for Appellant. **RR. Vol. 1 P. 9.** Ms. Rich testified regarding what Appellant was on Probation for**. RR. Vol. 1 P. 9**. Ms. Rich testified that Appellant had missed his very first two meetings with the probation department and did not get off to a good start. **RR. Vol. 1 P. 10.** She testified that he also had an issue with Alcohol in May of 2013. **RR. Vol. 1 P. 10.** She testified that Appellant was eventually referred to a supportive ou patient program, but that he was eventually unsuccessfully discharged do to absences. **RR. Vol. 1 P. 11**.  She then stated that his probation was amended at that point for him to attend 15 days of Community Housing Extended Curfew Program**. RR. Vol. 1 P. 11.** She testified that in October of 2013 Appellant's Community Supervision was again amended for him to attend the Intermediate Sanctions Facility. **RR. Vol.**

2

**1 P. 12.** She Testified that on that Occasion he did attend and complete the program but was unsuccessfully discharged from the aftercare program. **RR. Vol 1 P. 12.** As a result of violations of the aftercare Program he was again amended to attend ISF again. **RR. Vol. 1 P. 14.** She testified that he then failed to turn himself in to go to that program. **RR. Vol. 1 P. 15.** She then testified about inconsistent statements Appellant allegedly gave her regarding failure to attend AA meetings, and that he basically told the program director he was a pathological liar.. **RR. Vol. 1 P. 17-18.** She went on to recommend revocation of his community supervision, stating that they have no further programs that can assist him. **RR. Vol. 1 P. 18.**

On Cross examination from defense counsel, Ms. Rich admitted that Appellant had reported to a mass intake in January of 2013, and that at that point, he had been told to report in March, and he did report March 21, 2013. **RR. Vol. 1 P. 20**. She went on to testify that he was sanctioned for not bringing a report in April, but that he had actually reported April 11, 2013, and was required to report daily for ten days following that**. RR. Vol. 1 P. 20.** She testified that he then produced the required report in May, 2015. Counsel continued to cross examine Ms. Rich, wherein she admitted Appellant actually reporting also in June through August of 2013, when he reported for the supportive outpatient program**. RR. Vol 1 P. 21.** She Also admitted him reporting for the Check intake program in September 2013. **RR. Vol. 1 P. 21.** Ms. Rich then testified that Appellant did

3

report in October, 2013 to sign the amendments to go to ISF, and that he did, infact, on that occasion attend and successfully complete the ISF program, but had problems in aftercare. **RR. Vol 1 P. 23-24**. She went on to acknowledge that Appellant, even after failing to go back to ISF as ordered, did continue to report to Probation when directed**. RR. Vol. 1 P. 25.** Ms. Rich went on to admit that Appellant despite not paying the amount of fees required was making partial payments on his probation. **RR. Vol 1 P. 26** The State then rested their case. RR. Vol. 1 P. 28.

Next to testify was Appellant. **RR. Vol. 1 P. 28.** Appellant testified that he was 17 at the time he was placed on probation for the underlying offense for which he was required to register, and he is 32 now. **RR. Vol. 1 P. 29.** Appellant testified that he has been registering regularly since being placed on probation in this matter**. RR. Vol. 1 P. 29.** Appellant admitted to messing up his probation by being behind on payments and failing to turn himself in for the ISF program on June 19 as directed, but testified that he actually did attempt to turn himself in on June 23 but was not allowed to due to being late. **RR. Vol. 1 P. 30.** Appellant testified that if allowed to remain on probation, his former employer would allow him to return to work. **RR. Vol. 1 P. 30.** Appellant testified he was having problems with probation due to a girl he was seeing, and the fact he was still drinking, and stated that he felt like if he was given treatment he could do better.

4

**RR. Vol. 1 P. 33-34.** Appellant testified that his problems began in January or February of 2013 when his father passed away. **RR. Vol 1 P. 35.** Appellant testified that he believed he could change because being in jail had a significant impact on him, and he was scared to death. **RR. Vol. 1 P. 36.** Appellant testified that if reinstated he would not be around the bad influences he was before. That he had a plan to get a place from his former employer **RR. Vol. 1 P. 37.**

After the close of testimony and after hearing arguments of counsel, the court found the allegations in the Motion to Revoke were true, revoked Appellant's community supervision, and sentenced Appellant to five years in the Institutional Division of The Texas Department of Criminal Justice. **RR. Vol 1 P.46 .**

**SUMMARY OF ISSUE NUMBER ONE**

Based on diligent review of the record and applicable authorities, legally sufficient evidence was presented at the time of trial to establish by preponderance of the evidence that Appellant Violated the terms of his Community Supervision, and the Trial Court did not abuse its discretion in revoking Appellant's Community.

**ARGUMENT ON ISSUE ONE**

The Court of Criminal Appeals has addressed the appropriate standard of review to be applied by appellate courts when those courts conduct legal sufficiency reviews. *Hooper v. State, 214 S.W. 3d 9 (Tex. Crim. App. 2007); Johnson v. State, 23 S.W. 3d 1, 7 (Tex. Crim. App. 2000).* The Court of Criminal Appeals has adopted the legal sufficiency standard established by the United States Supreme Court in *Jackson v. Virginia. Hooper v. State, 214 S.W. 3d 9, 15; Sanders v. State, 119 S.W. 3d 818, 820 (Tex. Crim. App. 2003)*; *Jackson v. Virginia, 443 U.S. 309 (1979).* When conducting a legal sufficiency review, the evidence contained in the Record must be considered in "the light most favorable to the verdict" of the trial court. *Hooper v. State, 214 S.W. 3d 9, 13; Johnson v. State, 23 S.W. 3d 1, 7 citing Jackson v. Virginia, 443 U.S. 307 (1979), Mason v. State, 905 S.W. 2d 570, 574 (Tex. Crim. App. 1995), cert denied; Griffin v. State, 614 S.W. 2d. 155, 158-59 (Tex. Crim. App. 1981); Skillern v. State, 890 S.W. 2d 849, 879 (Tex. App. – Austin 1994, pet. ref'd).* Upon considering the evidence from this perspective and "reasonable inferences there from," the reviewing court must ask whether a "rational juror" or "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt?" *Hooper v. State, 214 S.W. 3d 9, 13; Johnson v. State, 23 S.W. 3d 1, 7; Jackson v. Virginia, 443 U.S. 307, 318-19; Powell v. State, 194 S.W. 3d 503, 506 (Tex. Crim. App. 2006); Guevara v.*

6

*State, 152 S.W. 3d 45, 49 (Tex. Crim. App. 2004); Mason v. State, 905 S.W. 2d 570, 574 (Tex. Crim. App. 1995).* In this case the question would be whether a rational trier of fact could have found the essential elements of the alleged violation by preponderance of the evidence. The burden of proof in a revocation hearing is on the state to prove the allegations in the motion to revoke by a preponderance of the evidence. *Cobb v. State, 851 S.W. 2d 871 (Tex. Cr. App. 1993).* The state's burden of proof is satisfied and the evidence to revoke is sufficient where the defendant enters a plea of "true" to any of the allegations in a petition to revoke. *Cole v. State, 578 S.W. 2d 127 (Tex.Cr.App. 1979 [Panel Op.]).* Where the state has sustained its burden of proof; the decision whether to revoke the community supervision is within the sound discretion of the trial court. *Orteaga v. State, 860 S.W. 2d 561 (Tex. App. – Austin 1993, no pet.).*

In the present, case Appellant pled true to all of the alleged violations of his deferred adjudication community supervision. **RR. Vol 1 P. 6.** This alone was legally sufficient to satisfy the State's burden in proving Appellant violated the terms of his community supervision. See *Cole v. State, 578 S.W. 2d 127 (Tex.Cr.App. 1979 [Panel Op.]).* The State also offered, and the court admitted, a sworn stipulation of evidence wherein the Appellant admitted violating the terms of his Community Supervision as alleged in the States Motion to Revoke. **CR. Vol 1` P. 36-38. RR. Vol. 1 P. 7**. Appellate counsel, therefore, in the exercise of his

best professional judgment cannot say, viewed in the light most favorable to the judgment, that no rational trier of fact could have found the allegations true by preponderance of the evidence. Appellant's plea of true alone was sufficient to revoke his community supervision. *Cole v. State, 578 S.W. 2d 127 (Tex.Cr.App. 1979 [Panel Op.])*

## SUMMARY OF ISSUE TWO

Based on diligent review of the record and applicable authorities the trial court did not abuse its discretion in the sentence imposed or violate the prohibitions against cruel and unusual punishment in accessing the sentence in this matter.

## ARGUMENT ON ISSUE TWO

The Eighth Amendment prohibits punishments that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); McGruder v. Puckett, 954 F.2d 313 (5th Cir.), cert. den'd, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); Hicks v. State, 15 S.W.3d 626 (Tex.App.-- Houston [14th Dist.] 2000, pet'n ref'd); Hernandez v. State, 10 S.W.3d 812*

*(Tex.App.--Beaumont 2000, pet'n filed); Dunn v. State, 997 S.W.2d 885 (Tex.App.--Waco 1999, pet'n ref'd); Jackson v. State, 989 S.W.2d 842 (Tex.App.--Texarkana 1999, no pet'n).*

Appellate courts will not overturn a trial judge's decision on punishment absent an abuse of discretion. *Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App.1984).* Article 1, section 13 of the Texas Constitution provides that, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law". *Tex. Cont. Art. I Sec. 13*

Punishment that is assessed within the statutory range for the offense is not excessive or unconstitutionally cruel or unusual. *Kirk v. State, 949 S.W.2d 769, 772 (Tex. App.-Dallas 1997, pet. ref'd)*

It is also the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal and is not an abuse of discretion. *See Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) Nunez v. State, 565 S.W.2d 536 (Tex.Cr.App.1978); Letterman v. State, 171 S.W.2d 349 (Tex.Cr.App.1943)*

In the present case Appellant was originally indicted for Failure to Register as a Sex Offender, **Cr. Vol 1 P. 7 Tex. Penal Code 62.102.(b)(2).** Failure to Register as a Sex Offender is a third degree felony.

The punishment range for a third degree felony is a sentence of not more than 10 years and not less than 2 years in the Institutional Division of the Texas Department of Criminal Justice and a fine not to exceed $10,000.00. ***Tex. Pen. Code 12.34.***

Appellant in his original plea received a sentence of 5 years in the Institutional Division of the Texas Department of Criminal Justice Probated for two years. **CR. Vol 1 P. 17-28.** Appellant's original sentence was well within the range of punishment allowed for a third degree felony.

In the present case Appellant was sentenced by the trial court to 5 years in the Institutional Division of the Texas Department of Criminal Justice. The court simply imposed the sentence originally imposed by the court that was suspended **RR. Vol.1. P 46.**

Further, after conscientious review of the record and applicable authorities counsel would, in his best professional judgment, submit based on the facts set out above, the sentence was not grossly disproportionate to the offense in violation of the ***U.S. Con. Amend. IIX or Tex. Const. Art 1 Sec. 13.*** The offense in this matter was a Third degree felony with a range of punishment of not less than 2 years or

more than 10 years in the Institutional Division of the Texas Department of Criminal Justice, and a potential fine not to exceed $10,000.00. Appellant was originally sentenced sentenced to 5 years in the Institutional Division of the Texas Department of Criminal Justice, well below the potential sentence Appellant could have received. The Court in the motion to revoke hearing simply imposed that sentence.

## MOTION TO WITH DRAW

The United States Supreme Court does not obligate counsel representing a client on appeal to argue in support of grounds for reversal of the lower court's judgment when after a "conscientious examination" of the case, appellate counsel determines appeal to be "wholly frivolous." ***Anders v. State of California, 386 U.S. 738, 744 (1967).*** In such , situations, the United States Supreme Court has outlined appropriate procedural steps taken by appellate counsel: 1) counsel is required to submit a brief examining the record for any point arguably in support of proper grounds of reversal on appeal; 2) counsel must furnish this brief to an indigent client enabling the client the right to file  a pro-se brief on points of appeal this individual maintains present proper grounds for appeal; and 3) counsel may request the appellate court grant counsel's request to withdraw from the obligation of providing further legal representation to the client on appeal. *Id.* Counsel pursuing

a frivolous appeal places himself at risk being assessed a monetary sanction under Rule 45 of the Texas Rules of Appellate Procedure in addition to finding himself in violation of the Texas Rules of Disciplinary Procedure. *Id.;*Tex. R. App. P. 45; Counsel for Appellant would submit the above "Anders Brief" on behalf of the Appellant. After a "conscientious examination" of the case, including a diligent review of the Record and applicable authorities, Counsel finds an absence of meritorious grounds of appeal and further submits the basis of any appeal in this case would be frivolous in nature. Therefore NATHAN BUTLER, Counsel for Appellant, respectfully requests this Court acknowledge and approve his request to withdraw from his court appointed duty of providing further legal representation to Appellant on an original appeal.

**PRAYER**

NATHAN BUTLER, Counsel for Appellant, Ron Everitt Fuson, prays this Court acknowledge and approve his request to withdraw from his court appointed duty of providing further legal representation to Appellant RON EVERITT FUSON on original appeal.

Appellant, RON EVERITT FUSON prays for additional time to review the Anders Brief submitted on behalf of Appellant and the opportunity to file a pro se Appellant's Brief on Original Appeal on his own behalf.

Respectfully Submitted,

/S/Nathan Butler/S/
Nathan Butler
Attorney for Appellant
123 S.Washington
San Angelo, Tx 76901
SBN 24006935
(325) 653-2373 Phone
(325) 482-8064 Fax
nathanbutlerattorney@gmail.com

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the above and foregoing Appellant's Anders Brief was served by regular hand deliver or United States Mail in accordance with the Rule 9.5 of the Texas Rules of Appellate Procedure on August 13, 2015, on each party's counsel as listed below:

George McCrea
District Attorney
119th Judicial District
124 W. Beauregard
San Angelo, Tx 76903

Ron Everitt Fuson
C/O Tom Green County Jail
122 W. Harris Ave.
San Angelo, Tx 76903

/S/ Nathan Butler /S/_____
Nathan Butler

## Certificate of compliance

Relying on the word count of the computer program used to prepare the forgoing brief, the total number of words in this document, including footnotes, but excluding the sections not counted under Tex. R. App. Proc. , is 3153.

/s/NATHAN BUTLER
NATHAN BUTLER

## NO. 03-14-00656-CR

| | | |
|---|---|---|
| **RON EVERITT FUSON** | § | **IN THE COURT OF APPEALS** |
| | § | |
| **v.** | § | **THIRD JUDICIAL DISTRICT** |
| | § | |
| **THE STATE OF TEXAS** | § | **SITTING AT AUSTIN, TEXAS** |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California*, 386 U.S. 378 (1967), I, NATHAN BUTLER, court-appointed counsel for appellant, RON EVERITT FUSON, in the above-referenced appeal, do hereby verify, in writing, to the Court that I have:

1. notified appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;

2. informed appellant of his right to file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

15

3.  advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4.  explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5.  informed appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous.


Respectfully submitted,



/S/NATHAN BUTLER
NATHAN BUTLER
Attorney for Appellant