NUMBERS 13-07-00540-CR


 13-07-00550-CR


 COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

JAMES LEE KENNEMUR A/K/A

JAMES LEE COBB KENNEMUR, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 93rd District Court


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Vela


Memorandum Opinion by Justice Garza
 

 On February 4, 2004, appellant, James Lee Kennemur a/k/a James Lee Cobb
Kennemur, was indicted for the offense of retaliation, a third-degree felony, in appellate
cause number 13-07-00540-CR. (1) See Tex. Penal Code Ann. § 36.06(a)(1), (c) (Vernon
Supp. 2008). Pursuant to a plea agreement with the State, Kennemur entered a plea of
nolo contendere. The trial court deferred a finding of guilt and placed Kennemur on
community supervision for five years. On March 29, 2007, Kennemur was indicted for the
offense of making a terroristic threat, a third-degree felony, in appellate cause number 13-07-00550-CR. (2) See id. § 22.07(a)(4)-(6), (e) (Vernon Supp. 2008). On March 30, 2007,
the State filed a motion to adjudicate guilt, alleging that Kennemur violated several
provisions of his community supervision and referencing this latest alleged offense. On
June 14, 2007, Kennemur, without the benefit of a plea agreement with the State, entered
a plea of guilty to the offense of making a terroristic threat and a plea of "true" to the State's
motion to adjudicate guilt. The trial court found Kennemur guilty of both offenses and
sentenced him to incarceration in the Texas Department of Criminal Justice-Institutional
Division for a term of four years and six months with no fine. On August 26, 2008, the trial
court certified Kennemur's right to appeal in both cause numbers. This appeal ensued.

I. Compliance with Anders v. California


 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Kennemur's
court-appointed appellate counsel has filed a brief with this Court, stating that "no arguable
points of error for review exist." Counsel's brief meets the requirements of Anders, as it
presents a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced on appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
counsel has carefully discussed why, under controlling authority, there are no errors in the
trial court's judgment. Counsel has informed this Court that he has: (1) examined the
record and found no arguable grounds to advance on appeal, (2) served a copy of the brief
on appellant, and (3) informed appellant of his right to review the record and to file a pro
se brief. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. On July 18, 2008,
Kennemur filed his pro se appellate brief, alleging that he should have been ordered to a
psychiatric hospital for treatment rather than prison because of his alleged substance
abuse issues and bipolar disorder. (3)

II. Independent Review


 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record, counsel's brief, and Kennemur's pro
se brief and have found nothing that would arguably support an appeal. See Bledsoe v.
State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and
reviewed the record for reversible error but found none, the court of appeals met the
requirement of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw


 In accordance with Anders, Kennemur's attorney has asked this Court for
permission to withdraw as counsel for appellant. See Anders, 386 U.S. at 744. We grant
his motion to withdraw. We further order counsel to notify appellant of the disposition of
this appeal and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d
25, 27 (Tex. Crim. App. 1997) (per curiam).



 

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 6th day of November, 2008. 


1. Specifically, the February 4, 2004 indictment provided the following:


 James Lee Kennemur . . . on or about the 15th day of August A.D., 2003, . . . in Hidalgo
County, Texas, did then and there intentionally and knowingly threaten to harm another, to-wit: Maria De Lourdes Pena, by an unlawful act, to-wit: threaten to inflict bodily injury and
or [sic] death to the said Maria De Lourdes Pena, in retaliation for and on account of the
service of the said Maria De Lourdes Pena as a public servant.


(Emphasis in original.)
2. The May 29, 2007 indictment provided that:


 James Lee Cobb Kennemur . . . on or about the 29th day of March A.D., 2007, . . . in Hidalgo
County, Texas, did then and there threaten to commit an offense involving violence to a
person or property, namely, a bomb threat, with intent to place the public or a substantial
group of the public in fear of serious bodily injury.
3. Construing his pro se brief liberally, Kennemur appears to challenge the terms of the imposed
sentence; namely, Kennemur argues that he should not have been sentenced to prison. The court of criminal
appeals has held that the trial court is afforded a great deal of discretion in determining the appropriate
punishment in any given case and "as long as a sentence is within the proper range of punishment[,] it will not
be disturbed on appeal." Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (citing Nunez v.
State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); Letterman v. State, 146 Tex. Crim. 37, 171 S.W.2d 349,
350 (1943)); see Aleman v. State, No. 13-05-602-CR, 2006 Tex. App. LEXIS 7135, at *3 (Tex. App.-Corpus
Christi Aug. 10, 2006, no pet.). Kennemur was convicted of two third-degree felonies, and section 12.34 of
the penal code provides that the proper sentencing range for a third-degree felony is "for any term not more
than 10 years or less than 2 years." Tex. Penal Code Ann. § 12.34(a) (Vernon 2003). Given that he was
sentenced to four-and-a-half years' imprisonment, Kennemur's sentence falls within the proper range and may
not be disturbed on appeal. See id.; see also Jackson, 680 S.W.2d at 814.