## GEORGE JOHNSON v. THE STATE.

### No. 1786. Decided November 16, 1898.

**1. Confessions—Plea of Guilty in Misdemeanor Cases as Confession.**

There is no statute that requires any sort of warning to be given to a defendant in a misdemeanor case where he enters a plea of guilty; and it would seem that the object of the Legislature in adopting article 571, Code of Criminal Procedure, was to take a plea of guilty in such cases out of the operation of the statute, Code of Criminal Prcedure, article 790, regulating confessions as testimony.

**2. Same—Burglary and Theft.**

On a trial for burglary, where it appeared that defendant had pleaded guilty in the county court on a prosecution for the theft committed at the time of the burglary, and which was part of the same transaction, Held, the plea of guilty in the theft case was admissible in evidence against the defendant in the burglary case.

**3. Judgment—Can Be Attacked Collaterally, When.**

A final judgment can be attacked collaterally only when it is void.

APPEAL from the District Court of Fayette. Tried below before Hon. H. TEICHMUELLER.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*Lane & Lane,* for appellant.—The court erred in permitting the State, over the objection of defendant, to introduce in evidence before the jury trying said cause in said trial court, complaint and information filed and judgment entered in cause No. 2104, in the County Court of Fayette

County, Texas, in which said complaint and information this defendant was charged with the theft of the identical property described in the indictment in this said cause, and which constitutes a part of the offense alleged therein, and is one and the same transaction, to which said charge in said County Court said defendant entered a plea of guilty, as is shown by said complaint, information, and judgment set out in the statement of facts in this cause.

1.   Because at the time defendant pleaded guilty to said information he was taken from the jail, in the custody of an officer, and was taken by said officer into open court, where he remained in charge of said officer until his said plea of guilty was entered.

2.   At the time of his said plea he was not, nor had he at any time prior thereto been, warned or informed of the consequences of his said plea.

3.   Said plea was not voluntarily made, but just before he entered his plea, and while he was in the county court room, he had been told by a third person that as he had no attorney he had better plead guilty, as he would likely be convicted anyway, and that if he would plead guilty it would be easier with him.

The judgment in cause No. 2104 in said County Court, showing that a plea of guilty was entered by the defendant in said cause, if competent evidence in this cause, could only be such to prove a confession of guilt of the crime charged in this cause, or some circumstances connected therewith.

Before said confession could be used as evidence against a defendant charged with a felony, over the objection of said defendant, it must appear to the trial court, (1) that said confession was freely made without compulsion or persuasion; (2) that if defendant was at the time of his confession in jail or other place of confinement, or in the custody of an officer, it must be shown by the State that such confession was made either in a voluntary statement of the accused, taken before an examining court, in accordance with law, or that said confession was voluntarily made by the accused after having been first cautioned that it may be used against him.   Willson's Code C. P., arts. 789, 790; Cain v. State, 18 Texas, 387; Greer v. State, 31 Texas, 129; Rix v. State, 33 Texas Crim. Rep., 353; Lopez v. State, 12 Texas Crim. App., 27; Kennon v. State, 11 Texas Crim. App., 356; Grosse v. State, 11 Texas Crim. App., 364.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

There are two bills of exception in the record, which present the only questions that require to be considered.   It appears that appellant had, previous to this trial, been tried in the County Court for theft of certain

property, which was committed at the time of the alleged burglary, and was a part of the same transaction alleged against him in this case. On said trial he entered a plea of guilty, and was convicted. On the trial of this case, objection was made to the introduction of the evidence of conviction in said former case, on the ground that appellant at the time was in custody; that he was taken from the jail by an officer into the court room, and there pleaded guilty to said charge of theft; that said plea was made without his being warned of the consequences thereof, and was not voluntarily made, because he was told by a person then in the court room that, if he would plead guilty, it would go easier with him. We are thus presented with the question whether, in a misdemeanor case, a plea of guilty entered by a defendant without having been warned can be used in evidence against him on the trial of another case in which said testimony is relevant. Our statute with reference to felonies provides that, where a defendant pleads guilty, it must be in open court, and by the defendant in person, and he must be admonished by the court of the consequences of said plea, and no such plea shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon, prompting him to confess his guilt. And in such case there must be a jury impaneled to assess his punishment, and evidence submitted to enable them to decide thereon. See Code Crim. Proc., arts. 554, 555, 570. If these prerequisites are complied with, it would appear to take the case out of the statute regulating confessions as testimony. See Code Crim. Proc., art. 790. But these provisions do not apply to misdemeanors. Code of Criminal Procedure, article 571, provides: "A plea of guilty in a case of misdemeanor may be made either by the defendant or his counsel in open court; and in such case the defendant or his counsel may waive a jury and the punishment may be assessed by the court, either upon evidence or without it, at the discretion of the court." The right, however, of a defendant in a misdemeanor case to enter a plea of guilty by counsel, is limited by article 633 of the Code of Criminal Procedure to those cases where the punishment is alone by fine. We know of no statute that requires any sort of warning to be given to a defendant in a misdemeanor case when he enters a plea of guilty. Yet on that plea as evidence the court or jury trying the case is authorized to render a verdict and judgment against the defendant. If this were an infringement on article 790 of the statute, the plea of guilty could hardly be received and treated as evidence, in the absence of a warning given. So it would seem that it was the object of the Legislature to take a plea rendered under such circumstances out of the operation of the statute relating to confessions. It is a confession of guilt, it is true, but it is made in open court, under its authority and protecting ægis; and it is assumed in such case that the statement (that is, the plea of guilty) is freely and voluntarily made. This view does not antagonize the case of Rice v. State, 22 Texas Criminal Appeals, 654. That was a case where the statement desired to be used was made pending an examining trial, and the statement so made is within the

letter of the statute on confessions. Now, if a plea of guilty in a misdemeanor case can be received as evidence by the court trying it, and on such testimony a solemn judgment of conviction rendered, on what theory can it be claimed that said judgment, when otherwise relevant, can not be introduced in evidence? To say that a judgment authorized by law could not be used as evidence in some other case where it was pertinent and relevant, it occurs to us, would be to stultify the action of the court itself. Such a judgment is a final judgment between the parties, and could only be attacked collaterally on the ground that it was absolutely void. It could not be attacked for mere irregularities. See 1 Bish. New Crim. Proc., sec. 1254a; 6 Am. and Eng. Enc. of Law, 2 ed., p. 559, and authorities there cited. The testimony regarding the theft was a part of the same transaction constituting the burglary, having been committed at the time of the burglarious entry, and being a part of the same transaction, and the parties the same, the testimony in regard thereto was relevant in the burglary case. We hold that the plea of the defendant in the theft case was admissible in the burglary case. 1 Bish. Crim. Law, sec. 667, subdiv. 3. It is not necessary for us to decide as to the conclusive effect of such judgment, or whether or not it was permissible for the defendant to show that said plea was not freely and voluntarily entered, inasmuch as the court permitted such testimony, and appellant had the full benefit thereof. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.