### J. Y. HANKINS v. THE STATE.

No. 12082.   Delivered January 16, 1929.

The opinion states the case.

*B. J. Jackson* of Cleburne, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, cattle theft; penalty, two years in the penitentiary.

Six head of cattle were missing from the possession of prosecuting witness. The cattle were traced to and three of them found in the possession of a Mr. Belcher. Mr. Belcher testified that he had bought the cattle from a Mr. Hayes, who in turn testified that he had purchased them from appellant and his brother-in-law. The brother-in-law of appellant lived on prosecuting witness' place, where the six head of cattle were located.

It is insisted that the testimony raised the issue of Hayes being an accomplice and the Court was in error in not submitting such an issue to the jury. There does not appear in the record under our view of the testimony any fact which in any way connects witness Hayes with the offense charged against the appellant and the Court's action in refusing to charge on such issue was proper.

Motion for continuance was filed on account of the absence of one C. M. Runnels by whom appellant alleges he could prove that State's witness Hayes told said absent witness that he never bought said cattle from the defendant and that the check showing payment of money to appellant was a check for the payment of wages for work. Appellant was arrested on the first Monday in February, 1928. Application for subpoena was issued at the instance of appellant on the 29th day of March, 1928. The trial was had on the 2nd day of April, 1928. The witness lived in an adjoining county not far from the place of trial. The facts set out in the bill of exception presenting the matter show a total lack of diligence on the part of appellant. No excuse is shown for the long delay in applying for a subpoena, nor was any effort apparently made during the trial to procure his attendance, nor is any affidavit of the witness attached to motion for new trial showing that witness would really testify to the facts set out, nor is anything alleged which would show that witness was not easily available. The bill is too plainly without merit to require discussion or citation of authority.

Complaint is made of the argument of the County Attorney. The bill is defective in not setting out as a fact that the language complained of was. used and cannot be considered. However, in our opinion, if same were properly certified to by the trial court, it would present no error.

Appellant made application for a suspended sentence alleging that he had never been lawfully convicted by a court of competent jurisdiction of a felony. Upon the trial the Court refused to submit the question of appellant's right to a suspended sentence to the jury, which is made the subject of appellant's bill of exception No. 7. This bill is qualified to show that it was admitted by appellant that he had been convicted of a felony in Johnson County, and that said judgment of conviction had not been set aside. Art. 776, C. C. P., provides in part: "In no case shall sentence be suspended except when the proof shall show and the jury shall find in their verdict that the defendant has never before been convicted of a felony in this or in any other State." Appellant attempts to avoid the effect of this judgment of conviction by testimony purporting to show that he was a juvenile at the time of such conviction. It will be presumed in support of such judgment of conviction that the Court had before it such facts authorizing its rendition. There was no attempt made to rebut such presumption and appellant cannot, as he is attempting to do, collaterally attack same. Johnson v. State, 39 Tex. Crim. Rep. 625.

Believing the evidence sufficient to sustain the conviction and finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.