J. W. PREACHER v. THE STATE.

No. 19685.   Delivered June 1, 1938.
Rehearing denied October 12, 1938.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for transporting intoxicating liquor in dry area. The punishment, a fine of $50.00 and confinement in the county jail for a period of six months, and also a fine of $1.00 for speeding on a public highway.

The information contained three counts. The first count charged him with transporting malt liquor containing alcohol in excess of one-half of one per cent. by volume. The second count charged a former conviction of appellant for a similar offense. The third count charged him with driving an automobile upon the public highways of Taylor County in excess of forty-five miles per hour.

At his trial, appellant entered a plea of guilty to the charges contained in the information, took the witness stand and testified that he knew it was against the law to sell beer in Taylor County and knew the officers had been trying to catch him but he evaded them. However, they did catch him and he was guilty.

The jury found him guilty and assessed his punishment as above indicated.

Appellant's only contention is that by his plea of guilty he did not admit that Taylor County was a dry area. That the State was required to prove such fact, but had failed to do so. Hence, he maintains that the conviction under the first count can not be sustained. We are unable to agree with him.

Article 518, C. C. P., provides: "A plea of guilty in a misdemeanor case may be made either by the defendant or his counsel in open court. In such case, the defendant or his counsel may waive a jury and the punishment may be assessed by the court, either upon or without evidence, at the discretion of the court."

A similar question as the one here presented was before this Court in the case of Burton v. State, 16 S. W. (2d) 828 and was decided adversely to appellant's contention. See also Johnson v. State, 39 Texas Crim. Rep. 625.

The judgment is accordingly affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the record in the light of the motion for rehearing filed by the appellant and have reached the conclusion that the proper disposition of the appeal was made upon the original submission. The motion for rehearing is therefore overruled.