DANIEL SALIZ V. THE STATE.

No. 21664. Delivered June 18, 1941.

The opinion states the case.

*R. Stansell Clement,* of Lamesa, for appellant.

*Spurgeon E. Bell,* State's Attorney of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by complaint and information with being a delinquent child under the age of seventeen and over the age of ten years.

It was charged that he had stolen a coat of the value of five dollars. Upon a hearing before the court he was adjudged to be a delinquent child and was committed to the Boys' State Training School for an indeterminate term not exceeding the time he shall have arrived at the age of twenty-one years from the date of commitment. In due time he filed a motion for new trial which, upon a hearing before the court, was overruled, to which he excepted and gave notice of appeal to this court.

Appellant brings forward three complaints in each of which he contends that reversible error is presented. We will dispose of his contentions in the order in which they are presented in his brief.

His first complaint is that Article 1087, C. C. P., which requires that written notice shall be served upon the parent or parents of the child, if living and known, or upon the child's

legal guardian, or upon any person with whom the child may be living, and the officer who serves such notice may accept a verbal or written promise of such person so notified to be responsible for the presence of such child at the hearing of such case, etc., was not complied with in the instant case. He concedes, however, that the officer verbally notified the father of the appellant to have the child present at the time of the trial; and the father and the delinquent child, together with a brother, did appear at the time and place set for the hearing of the case, at which time the delinquent child waived a jury and entered a plea of guilty after being duly admonished by the court of the consequences of his plea. The article of the statute referred to by appellant merely makes provision to relieve the delinquent child from confinement with older persons charged with crime during the pendency of the prosecution and to require that the parent or legal guardian have the child present in court when the case is called for trial. If this object is attained, whether the notice was given in writing or orally, becomes immaterial. The object and purpose of the statute was attained by the presence of the parent with the delinquent child at the trial. Hence, no injury resulted to him by reason of the verbal notice. Therefore, this contention is overruled.

Appellant's next complaint is that no evidence was introduced upon his trial other than that he was fourteen years of age, together with his extrajudicial confession. His contention seems to be that his conviction is not justified because the State failed to offer any evidence of his guilt other than his extrajudicial confession. He cites us to a number of authorities as sustaining his contention, but all of the cases to which he refers are those in which the accused was charged with a felony and are not applicable to offenses classed as misdemeanors. In the present instance, appellant was charged with a misdemeanor theft to which he, in open court, entered a plea of guilty. This was a judicial confession of guilt and was sufficient as a basis upon which to predicate a judgment of conviction, in misdemeanor cases. See Art. 518, C. C. P., also Burton v. State, 112 Tex. Cr. R. 334, 16 S. W. (2d) 828; Preacher v. State, 135 Tex. Cr. R. 320, 119 S. W. (2d) 1051.

Appellant's third contention is but a repetition of his second and what we have said in disposing of the second applies equally to the third complaint.

Appellant cites us to Article 12, C. C. P., and quotes a portion of the article in support of his contention. It is obvious that this article applies only to felony cases and not to offenses classed as misdemeanors.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.