# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00443-CR

**Ben Ogbodiegwu, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CR-08-100115, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ben Ogbodiegwu pleaded no contest in municipal court to charges that he violated a City of Austin zoning ordinance. The municipal court accepted his plea and deferred disposition for six months. Three months after he was placed on deferred disposition, Ogbodiegwu filed a motion to withdraw his plea. Following a hearing, the municipal court denied the motion, revoked the deferred disposition, and convicted Ogbodiegwu of violating the city ordinance. Punishment was assessed at a $2,000 fine. The municipal court's judgment was affirmed by the county court at law. In two issues on appeal, Ogbodiegwu asserts that the trial court erred by not allowing him to withdraw his plea and that his plea was involuntary due to ineffective assistance of counsel. We will affirm the judgment.

**BACKGROUND**

Ogbodiegwu is the Executive Director of Push-Up Foundations, a nonprofit organization in Austin. At the hearing on the motion to withdraw his plea, Ogbodiegwu testified that the organization "provides transitional housing, sometimes abuse treatment services, and job opportunities for the homeless persons and individuals coming out of jails and prisons." In 1998, the organization began operating a residential facility located at 1711 East Cesar Chavez. In 1999, the organization also began regularly operating a car wash at this location in order to raise money. According to Ogbodiegwu, the car wash operated five days a week, from Tuesday through Saturday.[1]

Ogbodiegwu testified that he first heard of any complaint of the City of Austin (City) regarding the car wash in 2005, when he received a violation notice from the City's Code Enforcement Section. Nevertheless, he continued operating the car wash. In April 2006, the City filed formal charges against Ogbodiegwu in Austin municipal court. The complaint alleged that Ogbodiegwu knowingly conducted a use, to wit: operating a car wash without obtaining a conditional use permit, in a zoning district which prohibited said use, contrary to provisions in the Code of the City of Austin. The cause was set for hearing in the municipal court on May 10, 2006.

On May 9, 2006, Ogbodiegwu, represented by counsel, filed what would be the first of several motions for continuance. Subsequent motions for continuance were filed in August 2006, November 2006, and February 2007. In the February 2007 motion, filed pro se, Ogbodiegwu represented that he and his counsel were in disagreement as to how to conduct the trial,

---

[1] There was no evidence presented at the hearing elaborating on the nature of the car wash. However, during closing argument, defense counsel referred to it as a "water and bucket" and "hand-wash" operation, not a coin-operated or automated car wash.

and he needed time to hire a new attorney. Counsel moved to withdraw from the case, and the municipal court granted the motion.

The cause was set for jury trial on March 26, 2007. On March 21, Ogbodiegwu had retained new counsel. At that time, counsel filed a motion for continuance. In the motion, counsel represented that he "would like a further opportunity to discuss the case with the prosecutor about the possibility of reaching an agreement and avoiding trial." "In addition," counsel stated, "the recent hiring of counsel for Defendant means there is insufficient time in which to adequately prepare for trial."

The municipal court entered an order granting the motion for continuance on March 22. Nevertheless, it is undisputed that Ogbodiegwu and his counsel proceeded to court as originally scheduled and that Ogbodiegwu pleaded no contest to the charges. The municipal court accepted the plea and entered an order deferring disposition for six months until September 2007. Among other terms, the order required Ogbodiegwu, within 30 days, to

> [C]ease operating and/or advertising a car wash on the property and/or [] cease allowing any and all car wash operations, advertising, development or activity to occur or be conducted on the property without first bringing the property into full compliance with any and all applicable provisions of Title 25 of the Austin City Code, 2003, as amended, including a conditional use permit or fully approved and released site plan and certificate of occupancy for such use at/of said property. No such use may occur until all necessary permits have been submitted and approved and released by the City in accordance with any and all applicable zoning, site plan, building, and conditional use permit requirements of Title 25 of the Austin City Code, 2003, as amended. . . .

The order provided that if Ogbodiegwu did not comply with the above conditions, a judgment of guilt would be entered and a fine of $2,000.00 would be assessed. The order also contained the following statement, below which appears Ogbodiegwu's signature:

> PLEA OF NO CONTEST: I hereby plead no contest to the offense charged, waive my right to trial by judge or jury, and agree to the conditions stated above. I understand that my failure to comply with any of the above terms will constitute grounds for the Court to find me guilty and impose the fine assessed.

Three months later, on June 28, 2007, Ogbodiegwu filed a motion for leave to withdraw his plea. In the motion, counsel asserted the following:

> Counsel for Defendant had insufficient time to prepare for a trial, and the City of Austin (as the prosecuting entity) . . . refused to agree to a continuance of the trial. Counsel for Defendant was unable to obtain a hearing on a continuance until the morning of the trial, immediately prior to trial, with no assurance that a continuance would be granted. Defendant was not aware of any legal defenses to the charge at issue at that time and counsel for Defendant had an inadequate time to determine such defenses. Based on these circumstances, Defendant plead[ed] *nolo contendere* and entered into the Order.

Counsel also argued that since the plea had been entered, he had learned of a defense to the City's charge against Ogbodiegwu, namely that the car wash was a "legal, non-conforming use" permitted under the Code. Counsel then proceeded to argue in detail the merits of this alleged defense. He claimed that this defense "was raised to the City in a letter dated May 31, 2005 from Defendant's prior counsel," approximately eleven months before charges were filed against Ogbodiegwu.[2] The

---

[2] Ogbodiegwu offered this letter into evidence during the hearing. However, the City objected to its admission, and the municipal court did not admit it into evidence.

4

City, according to counsel, had explained to prior counsel why it believed the defense was not applicable in this case, and prior counsel had apparently accepted the City's explanation. However, in the view of counsel who was now representing Ogbodiegwu, the defense applied to Ogbodiegwu and entitled his client to relief. Therefore, counsel argued, Ogbodiegwu "is in compliance with the Code," "should be allowed to withdraw [his] plea of nolo contendere and plead not guilty and this case should be dismissed."

A hearing on the motion was held on October 10, 2007.[3] The only witness to testify at the hearing was Ogbodiegwu. After briefly discussing the nature of his organization, Ogbodiegwu testified about the circumstances surrounding the termination of his first counsel. He stated that during a meeting with his attorneys on February 27, "some serious issues of trust came up." He also expressed frustration with the amount of money that he had allegedly spent thus far trying to bring the car wash operation into compliance with the code—approximately $35,000 for "site plan work," according to Ogbodiegwu. He concluded, "I felt like I was not well represented, so I relieved them of their duties."

Ogbodiegwu testified that he then hired new counsel while aware that a jury trial was only three days away. When asked how much communication he had with counsel before he signed the order deferring disposition, Ogbodiegwu testified, "Not much." When asked to clarify what that meant, he stated, "About a day." According to Ogbodiegwu, up to the point when he

---

[3] Prior to the hearing, in August 2007, Ogbodiegwu's counsel filed a motion to withdraw as attorney of record and to substitute new counsel. The municipal court granted the motion. Counsel on appeal is the same counsel who represented Ogbodiegwu at the hearing on the motion to withdraw the plea.

5

had entered his plea, he was not advised by counsel that he had a defense. The following testimony was elicited:

> Q: Did your attorney, [counsel during the plea bargain], give you a choice, or advise you as far as choices available, on a plea agreement?
>
> A: Not much.
>
> Q: Did he advise you as to any defenses that you had?
>
> A: No, there was no defense available because my previous attorney had already declined any defense that we had, making me believe that the defense was through . . . . So, my attorney misled me, and he lied to me. At that particular time, I didn't want anything to be on my record.

Ogbodiegwu then clarified that it was his first counsel who had "misled" him, not counsel during the plea bargain.

During cross-examination, Ogbodiegwu admitted that counsel had informed him that he did not have to sign the deferral agreement. He also admitted that counsel had informed him of the terms of the agreement and that he had read the agreement before signing it. However, he claimed that there was "something stressing" him at the time he had entered into the agreement. He explained, "One is, I have been in this country for twenty-five years, and I have never had any criminal record, and the result is, if I don't do that, I'm going to have a criminal record for providing services to the community. So, I went with that."

Ogbodiegwu further admitted that, although he had stopped operating the car wash for approximately two months after he had entered into the plea agreement, he had resumed operating the car wash at some point during the summer months of 2007. He did so, he claimed,

6

because his then-counsel had advised him that if he did not operate the car wash for a period of longer than ninety days, the car wash would lose its status as a "legal, non-conforming use."

Finally, Ogbodiegwu testified that since he had resumed operating the car wash, the City had maintained its position that the car wash was illegal. In fact, according to Ogbodiegwu, after he had filed his motion to withdraw his plea, a new complaint had been filed against him.

After hearing argument from counsel, the municipal court denied Ogbodiegwu's motion, revoked the deferred disposition, found him guilty, and assessed a $2,000 fine. A written judgement was entered on October 14, 2008. After the municipal court denied his motion for new trial, Ogbodiegwu appealed to the County Court at Law No. 1 of Travis County. In an opinion and judgment signed on July 2, 2009, the county court at law affirmed the municipal court's judgment. This appeal followed.

## ANALYSIS

**Voluntariness of plea**

We first address Ogbodiegwu's second issue, in which he asserts that he entered his plea involuntarily due to ineffective assistance of counsel. An involuntary plea must be set aside and the trial court reversibly errs when it fails to do so. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).

When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors,

7

he would have pleaded not guilty and would have insisted on going to trial. *Ex Parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984); and *McMann v. Richardson*, 397 U.S. 759 (1970)). As with other types of ineffective assistance of counsel claims, appellant has the burden to show by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness and that appellant would, with a reasonable probability, have pled not guilty and insisted on going to trial had he been properly advised. *See Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Ogbodiegwu claims that counsel was deficient in two ways. First, he claims that his first counsel was deficient because the attorneys "misled" and "misinformed" him about how to bring the car wash into compliance with the code. Second, he claims that his counsel during the plea bargain was deficient because he did not inform him of any defenses to the charge. We cannot determine the validity of these claims based on the record before us. The only witness to testify at the hearing was Ogbodiegwu, and he presented no evidence other than his uncorroborated testimony that prior counsel "misled" and "lied" to him and that his other counsel failed to adequately advise him. The municipal court, as fact-finder, was able to evaluate Ogbodiegwu's credibility, and it would not have abused its discretion in disbelieving this testimony. *See Fimberg v. State*, 922 S.W.2d 205, 208 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *see also Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) ("The

8

court may consider the interest and bias of any witness and is not required to accept as true the testimony of the accused or any defense witness simply because it was uncontradicted."). "There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson*, 9 S.W.3d at 813. A defendant's claim that he was misinformed by counsel, standing alone, is not enough to overcome that presumption. *See Fimberg*, 922 S.W.2d at 208 (explaining that in cases in which guilty plea has been held to be involuntary, record contains confirmation of misinformation by counsel, or documents augmenting defendant's testimony that reveal misinformation and show its conveyance to defendant). None of Ogbodiegwu's attorneys testified at the hearing or submitted affidavits, nor was any other evidence of their conduct admitted. We cannot conclude on this record that counsel's performance was deficient. *See Labib v. State*, 239 S.W.3d 322, 335 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (explaining that when record does not show what kind of investigation into law and facts counsel conducted, record is inadequate to determine effectiveness of counsel).

Because Ogbodiegwu has not shown, by a preponderance of the evidence, that counsel's performance fell below an objective standard of reasonableness, we need not reach the second prong of the *Strickland* test. *See Labib*, 239 S.W.3d at 335. We cannot conclude on this record that Ogbodiegwu's plea was involuntary due to ineffective assistance of counsel.

Nor is there any indication in the record that Ogbodiegwu's plea was involuntary for any other reason. The standard of review when an appellant contends that his plea was not knowingly and voluntarily given is whether the record discloses that the defendant's plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *See*

*North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Brown v. State*, 896 S.W.2d 327, 328 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). Here, Ogbodiegwu testified that he was informed of and understood the terms of the agreement, including that he had to cease operating the car wash; that he had read the order before signing it; and that he knew he was not required to sign the agreement. Additionally, he testified that he pleaded no contest because he wanted to avoid a criminal record, which may have happened had he insisted on going to trial. Thus, the record discloses that Ogbodiegwu's plea represented a voluntary and intelligent choice among the alternative courses of action open to him.

Finally, Ogbodiegwu emphasizes the fact that he was not admonished prior to entering his plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a) (West Supp. 2009) (listing admonishments court is required to give in felony prosecutions in which defendant pleads guilty or nolo contendere). However, it is well-settled that no admonitions are required in misdemeanor cases. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); *Empy v. State*, 571 S.W.2d 526, 529-30 (Tex. Crim. App. 1978); *Johnson v. State*, 39 Tex. Crim. 625, 48 S.W. 70 (1898); *see also* Tex. Code Crim. Proc. Ann. art. 27.14(b) (West Supp. 2009) (explaining that in misdemeanor cases for which maximum possible punishment is by fine only, defendant need not even appear in court to plead guilty or no contest and may deliver plea to court by mail).

We cannot conclude on this record that Ogbodiegwu's plea was involuntary. We overrule Ogbodiegwu's second issue.

**Motion to withdraw**

In his first issue, Ogbodiegwu asserts that the municipal court erred in denying his motion to withdraw his plea. A defendant may withdraw his plea as a matter of right, without assigning a reason, until judgment is pronounced or the case is taken under advisement by the trial court. *Jackson v. State*, 590 S.W.2d 514, 515 (Tex. Crim. App. 1979); *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). If, on the other hand, the defendant decides to withdraw his plea after the trial court has taken the case under advisement or pronounced judgment, the withdrawal of such plea is within the sound discretion of the trial court. *Jackson*, 590 S.W.2d at 515; *Jagaroo*, 180 S.W.3d at 802.

As a general rule, a deferred-adjudication case is considered to have been taken under advisement once a plea has been entered, both sides have presented evidence, and the trial court has accepted pleas, deferred adjudication, and placed the defendant on community supervision. *Labib*, 239 S.W.3d at 331.[4] Additionally, in some cases, the trial court must first pass the case for presentence investigation. *See Houston v. State*, 201 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Saldana v. State*, 150 S.W.3d 486, 490 (Tex. App.—Austin 2004, no pet.). Ogbodiegwu argues that because the municipal court did not pass his case for a presentence investigation pursuant to the community supervision statute, *see* Tex. Code Crim. Proc. Ann.

---

[4] Proceedings in municipal and justice courts are governed by chapter 45 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 45.002 (West 2006). If chapter 45 does not provide a rule of procedure governing any aspect of a case, courts are to apply the other general provisions of the code of criminal procedure to the extent necessary to achieve the objectives of chapter 45. *See id.* There is no procedure in chapter 45 governing when a case is taken "under advisement" in municipal court. We are aware of no authority holding that the procedure is different in municipal court than it is in other criminal courts, nor do the parties cite to any such authority.

art. 42.12, § 9 (West Supp. 2009), the case was not taken under advisement at the time he filed his motion to withdraw. We disagree.

Article 42.12 requires that presentence investigations be conducted in misdemeanor cases, "unless the defendant requests that a report not be made and the judge agrees to the request; or (2) the judge finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the judge explains this finding on the record." *See id*. art. 42.12, § 9(b). However, article 42.12 does not govern deferred adjudication proceedings in justice and municipal courts. Instead, these proceedings are governed by article 45.051. *See id*. art. 45.051(a) (West Supp. 2009); *see also id*. art. 45.002 (West 2006) ("Criminal proceedings in the justice and municipal courts shall be conducted in accordance with this chapter, including any other rules of procedure specifically made applicable to those proceedings by this chapter."). There is no requirement in article 45.051 that a presentence investigation be conducted in cases brought before the municipal court. Therefore, in this particular case, the absence of a presentence investigation has no bearing on whether the case was taken under advisement.

Here, it is undisputed that Ogbodiegwu entered his plea, the municipal court accepted the plea, deferred an adjudication of guilt, and placed Ogbodiegwu on deferred disposition, which is the municipal court equivalent of community supervision. *See id*. art. 45.051. As no presentence investigation was required, there was nothing more for the municipal court to do at that time. Furthermore, the order of deferred disposition expressly states, "Disposition of this case is hereby deferred from 03/26/2007 until 09/26/2007." Ogbodiegwu filed his motion to withdraw his plea in June 2007. Thus, we conclude that his case had been taken under advisement at the time

12

Ogbodiegwu filed the motion to withdraw his plea. Accordingly, we review the municipal court's ruling for abuse of discretion. *See Jackson*, 590 S.W.2d at 515; *Labib*, 239 S.W.3d at 331.

A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990); *Stone v. State*, 951 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1997, no pet.). To show that the trial court abused its discretion when it refused to allow appellant to withdraw his plea, Ogbodiegwu must show that the trial court's ruling lies outside the zone of reasonable disagreement. *Jagaroo*, 180 S.W.3d at 802.

Ogbodiegwu has failed to make such a showing. First, as we have already explained, the record does not reflect that Ogbodiegwu's plea was the result of anything other than a voluntary and intelligent choice. Ogbodiegwu admitted that he was informed of and understood the terms of the deferral and that he read the order before signing it. He also admitted that he knew he was not required to sign the agreement. Thus, the municipal court would not have abused its discretion in finding that Ogbodiegwu was fully aware of the conditions and requirements of the agreement before he entered into it and should not have been allowed to withdraw his plea for that reason. *See Jagaroo*, 180 S.W.3d at 803 (no abuse of discretion in denying motion to withdraw plea when record reflects that defendant freely and voluntarily entered his plea).

Moreover, we observe that this was a Class C misdemeanor case, punishable by fine only, that had already been pending on the municipal court's docket for what the municipal court could have found was an inordinate amount of time. Ogbodiegwu's plea was not entered until March 2007, almost one year after formal charges were filed and almost two years after the City

13

had first notified him that the car wash was in violation of the code. Several motions for continuance had already been filed and granted, and Ogbodiegwu's motion to withdraw his plea was filed three months into his six-month deferred disposition. The municipal court would not have abused its discretion in finding that the motion to withdraw was another attempt by Ogbodiegwu to further delay the final disposition of this case. *See DeVary v. State*, 615 S.W.2d 739, 740 (Tex. Crim. App. 1981) (no abuse of discretion in denying motion to withdraw guilty plea when motion was filed two months after case was taken under advisement); *Jackson*, 590 S.W.2d at 515 (no abuse of discretion in denying motion to withdraw guilty plea when motion was filed six weeks after case was taken under advisement).

Furthermore, the only reason Ogbodiegwu provided for wanting to withdraw his plea was that he did not know he had a legal defense to the charge prior to entering his plea. However, the municipal court would not have abused its discretion in concluding otherwise. In the motion to withdraw, counsel represented that the "legal, non-conforming use" defense had been raised to the City in a letter from Ogbodiegwu's prior counsel dated May 31, 2005, but that prior counsel had accepted the City's explanation that the defense did not apply in this case. Although this letter was not admitted into evidence, Ogbodiegwu acknowledged in his testimony that he had read the letter and was aware of its contents. Thus, the municipal court could have reasonably inferred that Ogbodiegwu knew about this defense prior to entering his plea but decided not to pursue it because he did not believe at the time he entered his plea that it would succeed. The municipal court would not have abused its discretion in finding that it was now too late for Ogbodiegwu to change his mind

14

about the viability of the defense, especially considering that the letter in which the defense was raised was written almost two years prior to Ogbodiegwu entering his plea.

Finally, Ogbodiegwu argues that he should have been allowed to withdraw his plea because the City breached the plea agreement by continuing to file charges against him after he filed his motion to withdraw. *See Ex parte Williams*, 637 S.W.2d 943, 947-48 (Tex. Crim. App. 1982) (explaining contract theory of plea bargains and observing that "when a plea bargain is not kept, the proper relief is either specific enforcement of the agreement or withdrawal of the plea, depending upon the requirements of the circumstances in each case"). However, nowhere in the record or in the order deferring disposition is there any indication that the City was required by the agreement to refrain from filing further charges against Ogbodiegwu for ongoing violations.[5] The order did, however, require Ogbodiegwu to cease operating the car wash and, by his own admission, Ogbodiegwu resumed operating the car wash in summer 2007. Thus, the record reflects that Ogbodiegwu violated the plea agreement.

On this record, we cannot conclude that the district court abused its discretion in denying Ogbodiegwu's motion to withdraw his plea. We overrule Ogbodiegwu's first issue.

---

[5] Ogbodiegwu cites to internal city policies that apparently prohibit the City from bringing further charges against a person who has violated a code provision if that person has been placed on deferred adjudication for that violation. Whether or not the City violated these policies would have no bearing on whether the City violated the plea agreement.

## CONCLUSION

We affirm the judgment of the county court at law.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   February 12, 2010

Do Not Publish

16