Affirmed and Memorandum Opinion filed January 6, 2011.



 

 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00529-CR



 

EX PARTE Daniel Rodriguez

 



On Appeal from the County Criminal
Court at Law No. 6

Harris County, Texas

Trial Court Cause No. 9619967



 

MEMORANDUM  OPINION

 

This is an appeal from the denial of an application
for habeas corpus relief from a misdemeanor conviction.  In four issues
appellant argues (1) the trial court abused its discretion in denying relief
because its findings are based on matters outside the record, (2) the trial
court denied his rights to due process by acting as a litigant, (3) his guilty
plea in a 1996 misdemeanor conviction was involuntary, and (4) the trial court
violated his rights to effective assistance of counsel by failing to assure
that appellant’s decision in 1996 to proceed without counsel was made
voluntarily and intelligently.  We affirm.[1]

Background

On September 13, 1996, appellant entered a plea of
guilty to misdemeanor driving while intoxicated (“DWI”) and was sentenced to 40
days in the Harris County Jail.  Appellant did not appeal from that
conviction.  On September 13, 2007, appellant entered a plea of guilty to
felony DWI , and was sentenced, pursuant to a plea-bargain agreement with the
State, to 25 years’ confinement in the Institutional Division of the Texas
Department of Criminal Justice.  

On December 23, 2009, appellant filed an application
for writ of habeas corpus in the County Criminal Court at Law.  In his
application, appellant challenged his 1996 conviction, and argued that his plea
was involuntary because he was not represented by counsel, and the trial court
failed to properly admonish him as to the range of punishment or the
consequences of his guilty plea.  Appellant further argued that cumulatively,
both errors resulted in a violation of his right to due process.

On February 18, 2010, the trial court denied
appellant’s application for writ of habeas corpus.  In denying appellant’s
application, the trial court entered findings of fact and conclusions of law in
which it concluded:

·       
The records of the Justice Information Management System (JIMS)
reflect that Applicant was represented by hired counsel, namely, Mr. Mark A.
Castillo. JIMS records are inherently reliable because they are made
contemporaneously with the filing of a source document by the clerk of the
court: In this case the source document would have been the Attorney of Record
form required to be submitted pursuant to the Local Rules of the Harris County
Criminal Courts at Law in effect at the time.

·       
In 1996, as is the case today, a judge presiding over a plea of
guilty in a misdemeanor case is not required to inform or admonish the
defendant.

·       
The judgment in the underlying case reflects that Applicant’s
attorney was Mark A. Castillo.

·       
The judgment reflects that the judge who presided over
Applicant’s plea admonished and advised Applicant consistent with prevailing
constitutional principles, and exceeded those required by the Code of Criminal
Procedure.

The trial court concluded that appellant’s plea
proceeding was consistent with prevailing constitutional principles, and that
his collateral attack was barred by laches.

Jurisdiction

The State argues this court lacks jurisdiction over
appellant’s appeal for two reasons.  First, the State argues appellant is not
entitled to an appeal because the trial court did not consider and resolve the
merits of appellant’s habeas-corpus application.  In arguing appellant cannot
appeal the trial court’s decision, the State relies on the decision in Ex
parte Hargett, 819 S.W.2d 866 (Tex. Crim. App. 1991).  However, this is an
appeal from the denial of a writ of habeas corpus involving an individual who
completed a term of community supervision.  This action, therefore, is
controlled by section 8 of article 11.072 of the Code of Criminal Procedure. 
That section specifically permits an appeal if the application is denied in
whole or in part.  Tex. Code Crim. Proc. Ann. art.  11.072 § 8.  The Court of
Criminal Appeals determined that, “[t]aken together, Sections 4 and 8 [of
article 11.072] signify that the rule governing appellate review that was most
recently clarified in Hargett  . . . no longer applies to applications
for a writ of habeas corpus filed by a person who is serving or who has served
a community supervision term.”  Ex parte Villanueva, 252 S.W.3d 391, 397
(Tex. Crim. App. 2008).  Therefore, Hargett does not apply to this
appeal.

Second, the State argues the trial court lacked jurisdiction
to hear appellant’s application for writ of habeas corpus under article 11.09
of the Code of Criminal Procedure because he is no longer “confined” under that
charge.  For a court to have jurisdiction over a habeas application in a
misdemeanor case under article 11.09, an applicant must be confined or
restrained by either a charge or a conviction.  Ex parte Schmidt, 109
S.W.3d 480, 483 (Tex. Crim. App. 2003).  Appellant is no longer confined by
this conviction; however, the jurisdiction of the county court to issue the
writ of habeas corpus is not limited to cases in which the applicant is
confined.  Id. at 481.  Collateral consequences related to a conviction,
such as the use of the conviction to enhance punishment in other cases, may
also constitute confinement.  Ex parte Crosley, 548 S.W.2d 409, 410
(Tex. Crim. App. 1977).  Therefore, the trial court had jurisdiction to rule on
appellant’s application for writ of habeas corpus.

Standard of Review

To prevail on a writ of habeas corpus, the proponent
must prove his allegations by a preponderance of the evidence.  Ex parte
Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995).  We review a trial
court’s ruling on an application for a writ of habeas corpus under an abuse-of-discretion
standard.  Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). 
The trial court filed written findings of fact and conclusions of law.  In
conducting our review, we accord great deference to the trial court’s findings
and conclusions.  Ex parte Amezquita, 223 S.W.3d 363, 367 (Tex. Crim.
App. 2006).  

Analysis

In his third and fourth issues, appellant argues his
plea was involuntary because the court failed to admonish him as to the range
of punishment, and the court failed to assure that his decision to proceed
without counsel was made voluntarily and intelligently.

Appellant bore the burden of proving that he did not
waive his right to counsel, or that he did not receive the proper admonishments
on a guilty plea.  See Maddox v. State, 591 S.W.2d 898, 902 (Tex. Crim. App.
1979), cert. denied, 447 U.S. 909, (1980).  Texas courts have long and
consistently held that the admonishments of article 26.13 are only required in
felony pleas, not pleas in misdemeanor cases.  See Berliner v. State, 6
Tex.App. 181 (1879); Johnson v. State, 39 Tex.Crim. 625, 48 S.W. 70
(1898); Tatum v. State, 861 S.W.2d 27, 29 (Tex. App.—Houston [14th
Dist.] 1993, pet. ref’d).  Therefore, the trial court correctly found that the
court in 1996 was not required to admonish appellant of the consequences of his
plea pursuant to article 26.13 of the Code of Criminal Procedure.

Further, a guilty plea is generally considered
voluntary if the defendant was made fully aware of the direct consequences.  State
v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999).  A consequence is
“collateral” if it is not a definite, practical consequence of a defendant’s
guilty plea.  Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364,
1366 (4th Cir.1973), cert. denied, 414 U.S. 1005 (1973).  Ignorance of a
collateral consequence does not render a plea involuntary.  Jimenez, 987
S.W.2d at 888.  

Courts have characterized deportation, possible enhancement
of punishment, institution of separate civil proceedings against defendant for
commitment to mental health facility, loss of good time credit, possibility of
imposition of consecutive sentences, deprivation of rights to vote and to
travel abroad, deprivation of the right to vote in some jurisdictions, and the
possibility of undesirable discharge from the armed forces, as “collateral
consequences” of which a defendant does not have to be knowledgeable before his
plea is considered knowing and voluntary.  Therefore, when a defendant is fully
advised of the direct consequences of his plea, his ignorance of a collateral
consequence does not render the plea involuntary.  

Ex parte Morrow, 952
S.W.2d 530, 536 (Tex. Crim. App. 1997) (citations omitted).

The possibility that appellant may commit future
offenses and be indicted more than 10 years later for felony DWI cannot be said
to be a direct consequence of appellant’s plea in the 1996 misdemeanor DWI.  Therefore,
appellant failed to carry his burden of proving his plea was involuntary
because the trial court improperly admonished him as to the range of punishment
and his right to counsel.  Appellant’s third and fourth issues are overruled.

In his first two issues, appellant argues the trial
court erred in considering evidence from the Judicial Information Management
System (JIMS) in finding that appellant was represented by counsel.  Appellant
further argues that the trial court improperly denied relief based on laches
because the State never presented evidence that it was prejudiced by the
delay.  

That the reasons given by the trial court for its
decision may appear faulty does not necessarily mandate reversal because our
duty is to uphold a correct judgment on any legal theory before the court.  Ex
parte Pipkin, 935 S.W.2d 213, 215, n. 2 (Tex. App.—Amarillo 1996, pet.
ref’d).  Given our determination that appellant did not meet his burden to show
his plea was involuntary, we need not discuss the trial court’s reliance on
JIMS records or laches.  

The judgment of the trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Brown. 

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
Ordinarily, this court would not have jurisdiction over an appeal of the denial
of a post-conviction writ of habeas corpus.  See Tex. Code Crim. Proc.
art.  11.07.  However, because appellant appealed from the denial of a
post-conviction writ in a misdemeanor conviction, the court of appeals has
jurisdiction.  See Ex parte Jordan, 659 S.W.2d 827, 828 (Tex. Crim. App.
1983).